THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* VIRGINIA A. HALLIDAY *et al.*, Defendants-Appellees.

Third District    No. 78-340

Opinion filed July 11, 1979.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellees.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by the State from an order of the Circuit Court of Peoria County which granted a motion of the defendants Halliday and Dillard to quash the warrant and suppress the evidence seized from its execution. As the result of the issuance of the search warrant and its execution the defendants were charged by information with possession of less than 30 grams of heroin, not more than 2.5 grams of cannabis, and of a hypodermic syringe and needle.

In this appeal it is the contention of the State that the trial judge erred in finding that the information forming the basis of the complaint for search warrant was stale at the time of the issuance of the warrant.

In determining this issue it is necessary to set forth the language contained in the affidavit executed in support of the request for a search warrant. The language contained in the affidavit is as follows:

"On May 2, 1978, complainant received information from a confidential informant who has given reliable information to complainant in the past which has led to three arrests resulting in

one conviction and two cases pending in the Circuit Court and the seizure of heroin in two separate incidents within the past six months, that informant was present in the above-described premises within the past 72 hours and while there did personally observe a quantity of a brownish powdery substance which was represented to informant by a white female occupant of the premises known to the informant as Virginia to be heroin. Informant has observed heroin on numerous occasions in the past and is thoroughly familiar with its appearance and stated that the brown powdery substance he observed in the above-described premises appeared to him to be heroin. Informant stated that the brownish powdery substance was packaged in small tin foil packets.

Complainant has been a police officer for the City of Peoria for more than eight years last past and has been assigned to the Vice/Narcotic Bureau for more than 1½ years last past and in the course of his duties has learned of his own personal knowledge that packaging in small tin foil packets is a common way of packaging heroin for sale to users. The complainant has checked records of the Peoria Police Department and found that Virginia Halliday was arrested and convicted for the offense of Unlawful Delivery of a Controlled Substance which occurred on August 13, 1977, and that Virginia Halliday gave her address as 405 Aiken. Complainant also knows of his own personal knowledge that the house at 405 Aiken has the reputation in the community of being a house of prostitution.

Informant has never given any information to complainant which has proved to be false or misleading."

■■ With regard to the sufficiency of the affidavit it was the contention of counsel for the defense that four days had passed since the informant had been at the house to be searched and therefore there was no probable cause existing that the heroin might still be found in the searched premises. The informant stated on May 2, 1978, that he had been present in the premises to be searched within the past 72 hours. The officer making the complaint for the warrant did so on May 3, 1978. The warrant was issued on May 3, 1978, and executed the same day, so consequently there is no disagreement that a lapse of four days occurred from the time the informant had been in the house to be searched and the date of the issuance of the warrant.

The trial judge in suppressing the evidence in this case filed a written opinion and orally made certain statements at the time his decision was rendered. The judge acknowledged his awareness of the fact that there is

no hard and fast rule in determining the time within which a complaint for search warrant must be made, except that it should not be too remote. We agree with the observation of the trial judge. While there is a sparsity of Illinois decisions relating to the freshness or staleness of the information supporting a complaint for a search warrant, what decisions there are make it clear that the question of passage of time bears only upon the existence of probable cause. More succinctly stated, has the passage of time made it unlikely that the object of the search is still present where the informer said it was?

In the instant case the trial court was cognizant of the case of *People v. Montgomery* (1963), 27 Ill. 2d 404, 189 N.E.2d 327, but apparently did not consider it applicable. We disagree with the trial court in that we find the case of *Montgomery* factually similar to the instant case and highly persuasive of a determination opposite to that reached by the trial court.

In *Montgomery* the affidavit for search warrant was sworn to on August 9, 1961, and stated that on August 1, 1961, the affiant saw a quantity of narcotics in the possession of Ellis Montgomery at a certain address. The defendant filed a motion to the search warrant which had been issued and executed on the grounds that the delay between August 1 and August 9, a period of eight days, constituted an unreasonable delay and therefore probable cause for the issuance of the warrant did not exist. The municipal court of Chicago agreed with the defendant and entered an order quashing the warrant. The State appealed, and our supreme court held that such a delay was not unreasonable and did not negate the existence of probable cause.

In the instant case the trial court in part based its order to quash upon the fact that the number of small packets believed to contain heroin was indefinite. The trial court observed that there could be two packets or 2,000. It was apparently the reasoning of the trial court that if only a small number of packets had been observed by the informant then in all likelihood they would no longer be in existence when the warrant was issued and executed. In *Montgomery* the affidavit stated that a quantity of narcotics had been seen. There is no indication whether the narcotics constituted a small quantity or a large quantity. The trial court was further of the opinion that since the small packets had been seen in a house of prostitution they would remain in existence a shorter time. Such a presumption is of course speculation only, and the opposite could be argued based upon the presumption that the house of ill repute was an outlet for the sale and delivery of unlawful drugs. The affidavit in fact discloses that the apparent possessor of the tin foil packets was Virginia Halliday, who had been previously arrested and convicted for the offenses of unlawful delivery of a controlled substance.

For the reasons stated we believe that the case of *Montgomery* is precedential authority for holding that the trial court was in error when it entered an order quashing the search warrant.

■■ The State requests that the order quashing the warrant be vacated and that this case be remanded for trial. As indicated, the order quashing the warrant should be vacated; however, prior to this appeal the defendant had filed a motion to compel disclosure of the confidential informant. The trial court did not rule on this motion, and it shall not be considered by this court, but the defendant shall not be precluded from having a hearing on and a determination of this motion. The State further asks that costs be taxed against the defendant. A conviction is the prerequisite for the assessment of costs. (See *People v. DuMontelle* (1978), 71 Ill. 2d 157, 374 N.E.2d 205; *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, and Ill. Rev. Stat. 1977, ch. 53, par. 8.) No conviction having occurred, there is no authority for the assessment of costs.

For the reasons stated this case is reversed and remanded with directions to vacate the order quashing the search warrant and for further proceedings in the Circuit Court of Peoria County.

Reversed and remanded with directions.

ALLOY and STENGEL, JJ., concur.