(No. 52414.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. DONALD L. DEEMS, Appellant.

*Opinion filed May 30, 1980.—Rehearing*
*denied September 26, 1980.*

Robert Agostinelli, Deputy Defender, and G. Joseph Weller, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellant.

William J. Scott, Attorney General, of Springfield, and Michael Mihm, State's Attorney, of Peoria (Donald B. Mackay, Melbourne A. Noel, Jr., and M. Anita Donath, Assistant Attorneys General, of Chicago, of counsel), for the People.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

On grounds of double jeopardy the circuit court of Peoria County dismissed theft charges against the defendant, Donald L. Deems. The appellate court reversed (74 Ill. App. 3d 543), and we granted leave to appeal.

The history of this case may well be unique. Originally defendant was indicted for knowingly receiving stolen property in violation of section 16—1(d)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(d)(1)). On the date set for trial, approximately three months after indictment, the State moved to dismiss the charges. The State's Attorney conceded in open court that

the defendant was not guilty of receiving stolen property but indicated that he would seek an indictment against the defendant for theft (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a)) and be ready for trial thereon within a week.

Despite the State's admission that the defendant did not commit the offense with which he was charged and its motion to dismiss, the defendant demanded an immediate trial on the original charge. The trial judge, likening the State's motion to a request for a continuance, decided that the defendant was entitled to go to trial if he was prepared to do so. The prosecutor reiterated the State's admission that the defendant did not commit the offense of receiving stolen property and pointed out that the court's refusal to dismiss the charge would force the State to prosecute a man who was concededly innocent. The judge indicated he would prefer to dismiss the case with prejudice for want of prosecution but could not do so because the appellate court had held that a trial judge did not have that power. (*People v. Thomas* (1975), 24 Ill. App. 3d 907.) He therefore decided to call the case for trial and acquit the defendant. The defendant accordingly waived jury trial, and neither party made an opening statement. When the trial judge called for the witnesses, only the defendant was sworn and he did not testify. The State indicated it had no witnesses to call. The court then found the defendant not guilty and entered its judgment acquitting him. A subsequent indictment for theft was dismissed on double jeopardy grounds. The State appealed, seeking reversal of both the acquittal and the dismissal, and the appellate court reversed both.

It is contended by defendant that the original trial court proceedings placed him in jeopardy and that the "acquittal" by the trial judge bars his prosecution for theft under the double jeopardy clauses of the Federal and State constitutions (U.S. Const., amend. V; Ill. Const. 1970, art. I, sec. 10). It is, however, entirely clear to us that defend-

ant has not yet been subjected to jeopardy, much less double jeopardy. The fundamental notion embodied in the double jeopardy clause has been emphasized frequently.

" 'The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.' " (*United States v. Scott* (1978), 437 U.S. 82, 87, 57 L. Ed. 2d 65, 71-72, 98 S. Ct. 2187, 2192, and *Crist v. Bretz* (1978), 437 U.S. 28, 35, 57 L. Ed. 2d 24, 31, 98 S. Ct. 2156, 2160, quoting *Green v. United States* (1957), 355 U.S. 184, 187-88, 2 L. Ed. 2d 199, 204, 78 S. Ct. 221, 223.)

This principle has been effectuated through rules that specify when jeopardy attaches and that prohibit a retrial of an acquitted defendant. But those rules should not be applied mechanically when the interests they protect are not endangered and when their mechanical application would frustrate society's interest in enforcing its criminal laws. *Illinois v. Somerville* (1973), 410 U.S. 458, 463, 35 L. Ed. 2d 425, 430, 93 S. Ct. 1066, 1070.

The trial court entered an order purporting to acquit the defendant but the word "acquittal" "has no talismanic quality for purposes of the Double Jeopardy Clause" (*Serfass v. United States* (1975), 420 U.S. 377, 392, 43 L. Ed. 2d 265, 276, 95 S. Ct. 1055, 1064), and what constitutes an acquittal for purposes of the double jeopardy clause is not necessarily controlled by the form of the judge's action (*United States v. Martin Linen Supply Co.* (1977), 430 U.S. 564, 571, 51 L. Ed. 2d 642, 651, 97 S.

Ct. 1349, 1354), or what the judge calls it (*United States v. Jorn* (1971), 400 U.S. 470, 478 n.7, 27 L. Ed. 2d 543, 552 n.7, 91 S. Ct. 547, 554 n.7; *United States v. Scott* (1978), 437 U.S. 82, 96, 57 L. Ed. 2d 65, 77, 98 S. Ct. 2187, 2196). While the judge denominated his action an "acquittal," it bore none of those characteristics except the label. The proceedings were not an attempt by the State to convict defendant. The prosecutor was, in fact, doing his best to dismiss the charge against defendant on the ground that defendant was not guilty of the charged offense. Presumably the indictment would have been dismissed had defendant not persisted in demanding a trial. See *Jeffers v. United States* (1977), 432 U.S. 137, 152, 53 L. Ed. 2d 168, 181, 97 S. Ct. 2207, 2217, where defendant's claim of double jeopardy was rejected because the subsequent conviction occurred when defendant "persuade[d] the trial court to honor his election" to have the cases tried separately.

The "trial" held at the first proceeding was a sham, an artifice employed by the trial judge to achieve the result of a dismissal with prejudice for want of prosecution which *Thomas* had held he did not have the authority to order. Such a "trial" might conceivably be appropriate in extraordinary circumstances (*People ex rel. Castle v. Daniels* (1956), 8 Ill. 2d 43; *People ex rel. Elliot v. Covelli* (1953), 415 Ill. 79), but it is not permissible when the prosecutor, well within the 120-day rule, seeks to dismiss, stating that the defendant is not guilty of the crime charged and declaring that the State intends to seek an indictment for a related offense which will be promptly tried.

The interests protected by the double jeopardy clause simply are not threatened in this case. The traditional rule is that jeopardy attaches in a bench trial when the first witness is sworn and the court begins to hear evidence. (*United States v. Martin Linen Supply Co.* (1977), 430

U.S. 564, 569, 51 L. Ed. 2d 642, 650, 97 S. Ct. 1349, 1353; *Serfass v. United States* (1975), 420 U.S. 377, 388, 43 L. Ed. 2d 265, 274, 95 S. Ct. 1055, 1062; *Illinois v. Sommerville* (1973), 410 U.S. 458, 471, 35 L. Ed. 2d 425, 435, 93 S. Ct. 1066, 1073.) That rule is predicated upon the fact that the first witness is normally an individual whose testimony is part of the State's case—a prosecution witness whose appearance is a part of the incriminating presentation jeopardizing defendant. Here, the only person sworn was the defendant himself, and he did not testify. No evidence of any type was introduced, and it is clear that defendant was at no time during these proceedings in danger of being found guilty of any offense. A somewhat similar case is *Newman v. United States* (D.C. Cir. 1969), 410 F.2d 259, *cert. denied* (1969), 396 U.S. 868, 24 L. Ed. 2d 121, 90 S. Ct. 132. In *Newman* the witnesses were sworn, but before any evidence was introduced the prosecutor nol-prossed the case. The court of appeals consequently ruled that jeopardy had not attached. This result reflects the principle later stated by the Supreme Court in *Serfass v. United States* (1975), 420 U.S. 377, 391-92, 43 L. Ed. 2d 265, 276, 95 S. Ct. 1055, 1064, that "[w]ithout risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy." In the instant case the State's Attorney admitted in open court before the "trial" that the defendant was innocent and during the "trial" no prosecution evidence was introduced. The defendant therefore never faced the "risk of a determination of guilt" and jeopardy did not attach.

In addition to raising a claim of double jeopardy, the defendant also argues that the State does not have the authority to appeal from the rulings of the circuit court. Our Rule 604(a)(1) (73 Ill. 2d R. 604(a)(1)) provides:

> "(a) Appeals by the State.
> (1) *When State May Appeal.* In criminal cases the

State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence."

Among the grounds for dismissal listed in section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 114—1) is that the prosecution is barred by sections 3—3 through 3—8 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, pars. 3—3 through 3—8). Those sections include the statutory analog to the double jeopardy clause, and the State therefore was authorized to appeal the dismissal. To the extent that consideration of the prior proceeding was necessary to evaluate the double jeopardy claim, that consideration was proper and did not require an appeal therefrom. The trial judge's action in the first proceeding was, as previously indicated, improper. In the exercise of our supervisory power (Ill. Const. 1970, art. VI, sec. 16; 73 Ill. 2d R. 315(a); *People v. Breen* (1976), 62 Ill. 2d 323) the trial court is directed to vacate the judgment of "acquittal" and allow the State's motion to dismiss the indictment.

We accordingly affirm the appellate court judgment reversing dismissal of the theft indictment, and order vacation of the trial court "acquittal" judgment and dismissal of the stolen property indictment.

*Appellate court affirmed in part;*
*supervisory order entered.*