THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
EDWIN DIXON, Defendant-Appellant.

Second District    No. 79-396

Opinion filed August 22, 1980.

Mary Robinson and Elizabeth Clarke, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant, Edwin Dixon, was convicted of forgery (Ill. Rev. Stat. 1977, ch. 38, par. 17—3(a)(2)) after trial by jury and sentenced to 30 months' imprisonment. He appeals, contending (1) that his statutory right to a speedy trial (Ill. Rev. Stat. 1977, ch. 38, par. 103—5) was violated when, following a mistrial, he was retried more than 120 days after being taken into custody; and (2) that the trial judge erred in excluding expert testimony on the subject of the reliability of interethnic identification.

Defendant was arrested on June 9, 1978, and an indictment was

returned against him for this offense on September 15, 1978. He entered a plea of not guilty on September 21, and the case proceeded to trial on October 23, 1978, which was, allowing for delays which he agrees were attributable to him, the 96th day of his custody. On defendant's motion, the mistrial was declared by the trial court on October 24 when a witness called by the State referred to other acts of forgery by defendant which the trial court had previously ruled inadmissible. The retrial commenced on February 5, 1979, which was 104 calendar days after the mistrial had been declared.

During the course of the second trial, in an effort to bolster defendant's alibi defense, he offered to prove by the testimony of a purported expert witness that interethnic identification is unreliable, particularly where white persons attempt to identify black persons. Defendant, who is a black man, was charged with forgery of a prescription; the proprietor of a pharmacy and his son, who are white, identified him as the person who presented the prescription at their place of business. On an objection by the State the trial court ruled the testimony inadmissible on the ground it related to a matter of common knowledge which did not require expert testimony to aid the jurors' understanding.

Section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 103—5) provides in part:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant * * *."

Subsection (f) of the same statute, added in 1975 and amended in 1976, provides in part:

"(f) Delay occasioned by the defendant shall temporarily suspend for the time of the delay the period within which a person shall be tried as prescribed by subparagraphs (a), (b), or (e) of this Section and on the day of expiration of the delay the said period shall continue at the point at which it was suspended. * * * This subparagraph (f) shall become effective on, and apply to persons charged with alleged offenses committed on or after, March 1, 1977."

The enactment of subsection (f) altered the former rule that the 120-day period within which a person in custody must be tried began anew when delay was occasioned by the defendant (*People v. Lee* (1969), 44 Ill. 2d 161, 254 N.E.2d 469) and, as it states, is to be applied only to persons charged with offenses alleged committed on or after March 1, 1977, as was defendant in the present case.

Defendant relies upon Justice Dooley's dissent in *People v. Bazzell* (1977), 68 Ill. 2d 177, 369 N.E.2d 48, for his contention that by adding

subsection (f) to section 103—5 the legislature intended to merely suspend the speedy trial period when a mistrial had been declared just as if the mistrial were delay occasioned by defendant. (See *Bazzell*, 68 Ill. 2d 177, 184-86, 369 N.E.2d 48, 50-51.) He is willing to concede that any further delay in scheduling his case for retrial should also be charged to him (from October 23, 1978, the date the first trial commenced, to November 13, 1978, the date for which the retrial was originally scheduled) and argues that 152 days must then be considered to have elapsed since he was taken into custody requiring his discharge.

We do not agree. It was formerly the rule that in cases where a retrial was necessitated by declaration of a mistrial, a new statutory period commenced on the day the mistrial was ordered. (*People v. Jonas* (1908), 234 Ill. 56, 84 N.E. 685.) The rule has been altered by more recent decisions, however, wherein our supreme court has noted that under the former statute the declaration of a mistrial does not, in all cases, start the running of a new statutory period. (*People v. Bazzell*; *People v. Aughinbaugh* (1973), 53 Ill. 2d 442, 292 N.E.2d 406; *People v. Hudson* (1970), 46 Ill. 2d 177, 263 N.E.2d 473; *People v. Gilbert* (1962), 24 Ill. 2d 201, 181 N.E.2d 167, *cert. denied* (1962), 371 U.S. 844, 9 L. Ed. 2d 80, 83 S. Ct. 76.) The court has also recognized that although section 103—5 is designed to implement the constitutional right to a speedy trial, the two are not co-extensive. *People v. Nowak* (1970), 45 Ill. 2d 158, 258 N.E.2d 313.

In *People v. Gilbert* the court found statutory considerations not to be dispositive of the speedy trial question in a mistrial context:

"The overriding consideration is the constitutional right to a speedy trial, and where delay is not attributable to the defendant, that right is not measured by aggregating successive periods of four months each." (24 Ill. 2d 201, 205, 181 N.E.2d 167, 170.)

Thus it was the State's obligation, under prior versions of section 103—5, to retry a defendant in custody within 120 days after a mistrial, but an earlier trial might be necessary to satisfy the constitutional "reasonableness" test for a speedy trial. *People v. Bazzell*; *People v. Gilbert*; *People v. Blackwell* (1979), 76 Ill. App. 3d 371, 394 N.E.2d 1329; *People v. Daniels* (1979), 76 Ill. App. 3d 646, 395 N.E.2d 163.

Section 103—5(f) does not by its terms address the mistrial situation and gives no indication that a mistrial must necessarily be treated as a delay occasioned by the defendant; indeed, defendant's suggestion is unrealistic, for oftentimes circumstances which give rise to a declaration of mistrial, such as a jury which is unable to agree, illness of jurors or, as in the present case, where a witness inadvertently referred to excluded matters, are not subject to either the control or acquiescence of the accused.

■■ In our view the supreme court majority in *Bazzell* resolved this issue. It found support in section 103—5(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(e)) for its conclusion that following a mistrial a defendant should be retried within a *reasonable* time. There the legislature was dealing with the situation where multiple charges were pending against the same defendant and required that a speedy trial as prescribed in sections 103—5(a) and 103—5(b) be commenced on at least one of the charges and provided further:

> "Such person shall be tried upon all of the remaining charges thus pending within 160 days from the date on which judgment relative to the first charge thus prosecuted is rendered * * * or, if such trial upon such first charge is terminated without judgment *and there is no subsequent trial of * * * such first charge within a reasonable time*, the person shall be tried upon all of the remaining charges thus pending within 160 days from the date on which such trial is terminated; * * *." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(e).)

It follows that the State's statutory speedy trial obligation to defendant was met in this case when it brought him to trial within the 120-day term. The issue then becomes whether defendant's constitutional right to a speedy trial has been violated, rather than whether after mistrial the retrial was commenced within a statutory period. (*Daniels*, 76 Ill. App. 3d 646, 650, 395 N.E.2d 163, 167.) In resolving this issue we must consider the length of the delay, the reasons for the delay, the prejudice to defendant, and whether defendant waived the right. (*Bazzell*, 68 Ill. 2d 177, 182, 369 N.E.2d 48, 50; *People v. Tetter* (1969), 42 Ill. 2d 569, 573, 250 N.E.2d 433, 435.) He was brought to trial well within the initial term and after the mistrial the trial court first set the case for retrial on November 13, 1978, noting then that other cases previously set for that day would take precedence if necessary. Because of the crowded docket it did become necessary to move the retrial to December 4. The further delay until February 5, 1979, when the retrial did commence, was attributable to defendant's motion to dismiss, which he filed on December 4. (See *People v. Kemp* (1977), 49 Ill. App. 3d 270, 364 N.E.2d 944.) Thus, the delay between mistrial and retrial not chargeable to defendant was actually 41 days. Longer delays have been found to reasonably meet the constitutional requirement. *E.g., People v. Blackwell* (1979), 76 Ill. App. 3d 371, 394 N.E.2d 1329; *People v. Johnson* (1976), 36 Ill. App. 3d 122, 343 N.E.2d 177; *People v. Hudson* (1970), 46 Ill. 2d 177, 263 N.E.2d 473.

■■ Defendant does not suggest that his defense was prejudiced by the delay in this case, and, as he actively sought to protect his right to speedy trial by filing of motions for discharge, we find no waiver. We conclude, however, that his constitutional right to a speedy trial was not violated as

he was retried within a reasonable time after the mistrial was necessarily declared by the trial court.

We turn then to the second issue in this case: whether the trial court erred in excluding the offered testimony by Dr. Terrence Luce, a psychologist, to the effect that identification of black persons by whites is inherently unreliable. Defendant argues the court's ruling prevented him from fully exploring the unreliability of the identifications by two eyewitnesses in this case, thereby preventing the jury from being able to properly weigh the credibility of these witnesses against the credibility of defendant's alibi defense. In support of this contention defendant points to certain minor discrepancies in the eyewitnesses' testimony; their inability to give an explicit description of the customer after the incident; one witness' identification of defendant in a one-man showup three days later; and the fact that defendant was the only black man in the courtroom when the witnesses identified him at trial.

As a general proposition, expert testimony is admissible at trial when the subject matter of the inquiry is sufficiently beyond common experience that only persons of skill and experience in the matter are capable of forming a correct judgment as to any connected fact. (*People v. French* (1978), 59 Ill. App. 3d 353, 375 N.E.2d 502; *People v. Stapelton* (1972), 4 Ill. App. 3d 477, 281 N.E.2d 76; *People v. Fisher* (1930), 340 Ill. 216, 172 N.E. 743.) Expert opinions may not be admitted on matters of common knowledge unless the subject is difficult of comprehension and explanation. *Hernandez v. Power Construction Co.* (1978), 73 Ill. 2d 90, 382 N.E.2d 1201.

■■ We believe the trial court ruled correctly on this question, for the trustworthiness of eyewitness observations is not generally beyond the common knowledge and experience of the average juror and is, therefore, not a proper subject for expert testimony. Under questioning for the purposes of an offer of proof, Dr. Luce stated, "We have all heard, I am sure, of the notion that to whites all blacks look alike and all Asians look alike and similar folk notions"; he later stated his studies indicated that "there seems to be some validity to this notion * * *." Thus, as the State's argument points out, Dr. Luce's research resulted in a verification of an already common belief.

We note that in *United States v. Watson* (7th Cir. 1978), 587 F.2d 365, *cert. denied sub nom. Davis v. United States* (1979), 439 U.S. 1132, 59 L. Ed. 2d 95, 99 S. Ct. 1055, the Court of Appeals for the Seventh Circuit also ruled testimony by Dr. Luce inadmissible, finding it would have been of little probative value to the jury in that case. (See also *United States v. Fosher* (1st Cir. 1979), 590 F.2d 381.) The record in the present case, moreover, discloses that defense counsel had ample opportunity in cross-examination and argument to challenge the identifications by the two

eyewitnesses, and that counsel took full advantage of these opportunities.

For these reasons the judgment of the Circuit Court of Du Page County is affirmed.

Affirmed.

VAN DEUSEN and WOODWARD, JJ., concur.