THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* CHARLES E. LEE, Defendant-Appellee.

Third District   Nos. 82—49, 82—50 cons.

Opinion filed October 19, 1982.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and Stephen H. Omolecki, both of State Appellate Defender's Office, of Ottawa, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The State appeals from the order of the circuit court of Peoria County granting the defendant's, Charles E. Lee's, motion to suppress physical evidence seized and statements made following his arrest.

At 2 a.m. on October 29, 1981, Peoria police officer Dwight Borneman was patrolling the area of Madison and Sloan Streets in Peoria in his marked police car. Although he had received no information concerning any crimes in the vicinity that night, the officer patrolled carefully because a rash of burglaries had recently taken place there. The area is mostly residential but contained some businesses, including gasoline stations, taverns, and car washes. The only business then open was a gasoline station. Borneman was driving slowly with his headlights off when he noticed the defendant walking toward a parked car. He carried a large cardboard box which he laid behind the car while reaching for his key. The defendant then peered around and spotted the police car which Borneman had stopped less than one block away. Upon seeing the police car, the defendant turned and ran. Although the defendant was unknown to Officer Borneman, the officer clearly observed and was able to identify the defendant who was standing in the well-lighted street. Borneman radioed in the defendant's description and then pursued but was unable to apprehend him. The officer returned to the box, which had no lid, and looked inside. It contained a straight rod tire iron lying atop several whole tomatoes, taco shells, and disposable lighters. Within a few minutes, the

defendant approached the car and was seized by another officer. Borneman handcuffed the defendant and searched him and the trunk of his car. The trunk contained more disposable lighters, packages of cigars, and several six-packs of beer. The officer then advised the defendant of his *Miranda* rights and placed him in a police car. Except for two persons who later left their residence to view the commotion, Borneman saw no one but the defendant on the street that night. After arresting the defendant, Officer Borneman first learned that two Peoria taverns, the Villa Tap and the Bee Gee Tap, had been burglarized earlier that night. Later at the station house, the defendant made certain incriminating statements. After being formally charged with the two tavern burglaries, the defendant moved to suppress the admission of the contents of the cardboard box and trunk and his statements. Following a hearing, the circuit court granted the motion, finding that while Officer Borneman had reasonable and articulable suspicions justifying a *Terry* "stop and frisk" of the defendant when he had returned to his car after fleeing, the officer had no probable cause to arrest or fully search the defendant. By effecting a full custodial arrest of the defendant without first having probable cause, the officer seized the items in violation of the defendant's fourth and fourteenth amendment rights. The court also suppressed the statements made as fruits of the illegal arrest. The State argues on appeal that Officer Borneman had probable cause to arrest the defendant after seeing the defendant flee and after inspecting the open cardboard box. We agree and reverse the suppression order.

A full custodial arrest, such as the one in issue here, must be supported by probable cause to comport with the fourth and fourteenth amendments. The definition of probable cause is simple enough: the officer must have a reasonable belief that the arrestee has committed or is about to commit a criminal offense (Ill. Rev. Stat. 1981, ch. 38, par. 107–2(1)(b)). Yet, because of the infinite variations in the circumstances surrounding encounters between citizenry and police, courts have not found this definition to be quite so simple in its application. Above all, however, the question of probable cause must be answered from the "nitty gritty" perspective of the law enforcement officer's milieu, not from the hallowed cloisters of the trial or appellate bench. Accordingly then, the reasonableness of the decision to arrest must be a function of the totality of the circumstances which often requires the officer to take quick action; reasonableness for fourth amendment purposes depends not on technicalities but on probabilities.

■■ ■ Keeping this perspective firmly in the forefront, we conclude that the totality of the circumstances demonstrates a reasonable

probability that the defendant had committed an offense when Officer Borneman made his arrest. The defendant was walking very late at night in an area with some businesses that had experienced several recent break ins. (See, *e.g., People v. McGowan* (1977), 45 Ill. App. 3d 61, 359 N.E.2d 220 (*"Terry* stop" upheld).) He carried a large unmarked box. After placing this box behind his car, he looked around apparently to ensure that no one was observing him. In doing so, he spotted the police car and ran, leaving the open box. After failing to apprehend the defendant, the officer looked in the box and found a tire iron of the kind often used as a pry bar, along with goods and merchandise. Given all these indicia we cannot say that Officer Borneman lacked probable cause to arrest the defendant when he returned to his car. Contrary to the defendant's argument, the arrest was not unlawful merely because the officer did not receive official acknowledgement that a crime had in fact taken place. Deliberately furtive actions in addition to flight at the sight of police officers can fairly be considered assertive conduct indicative of and incidental to criminal conduct. (*Sibron v. New York* (1968), 392 U.S. 40, 20 L. Ed. 2d 917, 88 S. Ct. 1889; *People v. Addison* (1977), 56 Ill. App. 3d 92, 371 N.E.2d 1025.) Moreover, the contents of the open box abandoned by the defendant corroborated the belief of the officer that the defendant had committed a crime. On top was a tire iron that easily could be, and often is, used for prying a door or window. Beneath the tire iron lay substantial quantities of goods and merchandise, a paltry, but not unlikely, booty.

The defendant argues that, when viewed individually, each of his actions is capable of a construction consistent with innocence. First, his argument approaches, if not exceeds, the limits of credulity. Second, and more important, the totality of the circumstances known to the officer formed a convincing basis for the officer to have believed that the defendant had just committed a crime. His postulate of examining each circumstance individually is inappropriate for resolving a question of probable cause and should be saved for testing the sufficiency of the evidence following trial.

In support of our decision today, we find the recent decision in *People v. Tribett* (1981), 98 Ill. App. 3d 663, 424 N.E.2d 688, to be helpful. There officers observed the defendant run into an alley at the sight of their marked police car. They followed without knowing whether a crime had taken place. They spotted the defendant facing away from them and ordered him to turn around. After a second order, the defendant did turn, but kept his hand near his waist. Then the officers noticed that the defendant removed a small package from

his waist and dropped it. He attempted to kick it, but the officers arrested him and retrieved the package, which was later found to contain heroin. The defendant attempted to suppress the evidence, claiming that the arrest was without probable cause. The reviewing court affirmed the order denying the motion to suppress, finding that based on the circumstances surrounding the defendant's flight, the officers had reasonable, articulable suspicions to halt, but not arrest, the defendant. (*Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868; Ill. Rev. Stat. 1979, ch. 38, par. 107—14.) But, those suspicions, when coupled with the defendant's attempts to dispose of the small package, gave the officers probable cause to arrest. Likewise, here Officer Borneman had probable cause to arrest not upon the defendant's flight, but after viewing the contents of the box. While we agree with the defendant that the goods contained therein hardly constituted contraband *per se*, the contents of the box taken in conjunction with the defendant's suspicious nocturnal behavior formed the requisite basis for a lawful arrest.

Accordingly, we reverse the order of the circuit court of Peoria County granting the motion to suppress. Because the defendant has not been convicted, we deny the State's request to assess costs of the appeal against the defendant. Ill. Rev. Stat. 1981, ch. 53, par. 8.

Reversed and remanded.

STOUDER and HEIPLE, JJ., concur.