THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
JAMES L. HALL, Defendant-Appellee.
Second District   No. 82—420

Opinion filed July 18, 1983.

Charles R. Hartman, State's Attorney, of Freeport (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE NASH delivered the opinion of the court:
The State appeals from a judgment of "acquittal" of defendant, James L. Hall, to the offense of robbery (Ill. Rev. Stat. 1981, ch. 38, par. 18—1(a)) contending the trial court abused its discretion in denying the State's motion for continuance of trial and erred in directing a verdict of not guilty where no evidence was presented. The State also requests that the costs of this appeal be taxed against defendant.

An indictment was returned on March 25, 1982, charging defendant with home invasion (Ill. Rev. Stat. 1981, ch. 38, par. 12—11(a)(2))

and robbery and, after arraignment, jury trial commenced on May 4, 1982, at which Judge Lawrence Smith presided. Stephenson County State's Attorney Charles Hartman and Assistant State's Attorney Michael Phillips represented the State in trial. Eight witnesses were called by the State, three of whom were examined by Mr. Phillips, who also gave the State's closing argument. All of the evidence was presented in one afternoon and at close of the State's case the trial court directed a verdict of not guilty to the offense of home invasion and the remaining charge of robbery was submitted to the jury. It was unable to agree upon a verdict and a mistrial was declared. With agreement by the State, the case was then set for retrial on May 11.

On May 6, 1982, State's Attorney Hartman filed a motion for continuance of trial and at a hearing on May 10 advised the court he was committed to another trial on May 11 and requested a new trial date in the first half of June. Judge Smith granted the motion, in part, continuing trial to May 18, and advised "the State can renew its motion and we may continue it." On May 14, Assistant State's Attorney Phillips filed a second motion for continuance which stated that State's Attorney Hartman was assigned to try the case and would be out of town until June 1 in service with the United States Army Reserves. This motion was heard and denied by the trial court on May 17.

Assistant State's Attorney Phillips renewed the motion for continuance the next day when the case was called for trial as scheduled. He advised the court of the State's Attorney's continued absence on military duty and that Phillips had been instructed not to try the case. Phillips also stated he was not familiar with all aspects of the case as he had talked to only the three police witnesses and had never interviewed the four civilian witnesses. Phillips advised the court he could not proceed with the trial and asked leave to withdraw from the courtroom.

Judge Smith again denied a continuance noting Assistant State's Attorney Phillips had participated with the State's Attorney in the first trial and had a transcript of the evidence there heard; that the testimony took less than two hours to present and that Phillips was an experienced prosecutor. The judge noted defendant was in custody unable to post bond and would be prejudiced by a delay. The court thereupon granted the assistant State's Attorney permission to leave the courtroom. Phillips left and the judge, with defendant and his counsel present, empaneled a jury. No evidence was presented on behalf of the State and the trial court then granted defendant's motion for the directed verdict of acquittal from which the State appeals.

■ We consider first whether the trial court abused its discretion

in denying the continuance sought by the State and conclude it did not do so under these circumstances.

Whether to grant or deny a motion for continuance is within the sound discretion of the trial court, and it will consider the diligence of the movant in weighing the exercise of its discretion. (Ill. Rev. Stat. 1981, ch. 38, par. 114—4(e); *People v. Williams* (1982), 92 Ill. 2d 109, 116, 440 N.E.2d 843, 847-48; *People v. Verstat* (1983), 112 Ill. App. 3d 90, 97-98, 444 N.E.2d 1374, 1380-81; *People v. Pruden* (1982), 110 Ill. App. 3d 250, 258, 442 N.E.2d 284, 290.) Where the grounds upon which a continuance is sought is the unavailability of counsel, it has been held not to be an abuse of discretion to deny the motion where co-counsel was available and could adequately try the case. (*People v. Nobles* (1980), 83 Ill. App. 3d 711, 713, 404 N.E.2d 330, 332-33; *People v. Miller* (1958), 13 Ill. 2d 84, 112, 148 N.E.2d 455, 470; *People v. Davis* (1950), 406 Ill. 215, 219, 92 N.E.2d 649, 651.) Assistant State's Attorney Phillips had represented his office at the preliminary hearing and arraignment of defendant. He was present throughout the first trial and conducted a substantial part of it. That trial was short, requiring less than two hours, and there is no indication the retrial would be more complicated. Phillips was experienced in handling jury trials, and was not held to trial in any other matter at the time he sought a continuance because of the absence of the State's Attorney. (Compare, *People v. Grimm* (1979), 74 Ill. App. 3d 514, 515, 392 N.E.2d 1138, 1139-40; *People v. Edwards* (1981), 97 Ill. App. 3d 407, 412, 422 N.E.2d 1117, 1121.) The decision whether to grant a continuance of trial depends upon the circumstances existing at the time of the request (*People v. King* (1977), 66 Ill. 2d 551, 557, 363 N.E.2d 838, 840), and the determination of the trial court will not be disturbed on review absent a clear abuse of its discretion. *People v. Hayes* (1972), 52 Ill. 2d 170, 287 N.E.2d 465.

The State misplaces reliance upon section 114—4(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 114—4(e)) in arguing it was entitled under the statute to a further court date for trial. That statute applies only where one year has passed since the filing of an indictment or information and the trial court has found that the State lacked diligence in bringing a case to trial. (See, *e.g., People v. Verstat* (1983), 112 Ill. App. 3d 90, 98-99, 444 N.E.2d 1374, 1380-81.) As the indictment in the present case was filed in March 1982 and the continuance was sought and denied in May, the statute was not implicated.

We agree, however, that procedures followed by the trial court after denying the State's motion for a continuance constituted an unauthorized "sham" trial of the type which has been repeatedly

condemned by reviewing courts. See *People v. Deems* (1980), 81 Ill. 2d 384, 389, 410 N.E.2d 8, 11, *cert. denied* (1981), 450 U.S. 925, 67 L. Ed. 2d 355, 101 S. Ct. 1378; *People v. Verstat* (1983), 112 Ill. App. 3d 90, 101, 444 N.E.2d 1374, 1383; *People v. Edwards* (1981), 97 Ill. App. 3d 407, 411-12, 422 N.E.2d 1117, 1121; *People v. Shields* (1979), 76 Ill. 2d 543, 544-48, 394 N.E.2d 1161, 1163, *cert. denied* (1980), 445 U.S. 917, 63 L.Ed. 2d 602, 100 S. Ct. 1279; *People v. Dellecarto* (1978), 67 Ill. App. 3d 490, 494, 384 N.E.2d 902, 906.

In *People v. Deems* the supreme court described a "trial" conducted without participation by the State after its motion for a continuance was denied as a sham, an artifice employed by the trial court to dismiss the case for want of prosecution. In *People v. Verstat* this court recently discussed the circumstances under which a trial court may effect the dismissal of a criminal charge without trial. Suffice it to note here that none of the grounds authorizing that action are present in this case.

Defendant's suggestion in this court that his constitutional right to a speedy trial was violated, thus supporting the trial court's action, was not raised below nor was the trial judge's action predicated upon the alleged violation of such right. This issue has been waived but, in any event, the argument is without merit. If a defendant is retried within a reasonable time following a mistrial his constitutional right to a speedy trial has not been violated. (*People v. Bazzell* (1977), 68 Ill. 2d 177, 182, 369 N.E.2d 48, 50; *People v. Dixon* (1980), 87 Ill. App. 3d 814, 817, 410 N.E.2d 252, 255.) The mistrial here occurred May 5, 1982, and the State was prepared to retry the case in early June when the State's Attorney returned. There clearly was no constitutional speedy trial basis on May 18 for the trial court to dismiss the case. (See *People v. Dixon* (1980), 87 Ill. App. 3d 814, 817, 410 N.E.2d 252, 255.) The defendant agrees in his brief there are no statutory speedy trial considerations present in this case. See Ill. Rev. Stat. 1981, ch. 38, par. 103—5(a); *People v. Richards* (1980), 81 Ill. 2d 454, 459, 410 N.E.2d 833, 836.

■ Defendant also relies upon *dictum* in *People v. Thomas* (1975), 24 Ill. App. 3d 907, 908, 322 N.E.2d 97, to support the judgment of the trial court. In *Thomas* the reviewing court held that a trial court was not authorized to dismiss a criminal charge for want of prosecution. It also suggested, however, that where a motion for continuance has been properly denied the case should be called for trial and, if no evidence or insufficient evidence is presented by the State, a judgment of acquittal may be entered by the court. Certainly, if the State presents evidence which is insufficient to convict, a judgment of acquittal will be properly entered. Where no evidence has been pre-

sented by the State and it has not participated in a trial, however, as in the present case, we conclude the holdings of *People v. Deems* and *People v. Verstat* preclude the trial court from conducting a sham trial and acquitting defendant.

■ The State has requested that costs be taxed against defendant for the State's Attorney's fee provided for an appeal by section 8 of "An Act concerning fees and salaries ***" (Ill. Rev. Stat. 1981, ch. 53, par. 8). It has been held, however, that a conviction is a prerequisite for the assessment of costs against a defendant. (*People v. Halliday* (1979), 73 Ill. App. 3d 615, 618, 392 N.E.2d 389, 391; *People v. Lee* (1982), 109 Ill. App. 3d 870, 874, 441 N.E.2d 403, 406; see also *People v. Nicholls* (1978), 71 Ill. 2d 166, 174, 374 N.E.2d 194, 197; *In re W.W.* (1983), 97 Ill. 2d 53. As defendant has not been convicted in this case, there is no authority for taxing this cost against him.

Defendant has contended in his brief that this appeal by the State is moot and should be dismissed. He argues that at a hearing held May 28, 1982, of a petition to revoke defendant's sentence to conditional discharge which had been entered on unrelated charges, the trial court found him not guilty of the conduct on which the pending robbery offense was premised.

A supplemental record filed herein by defendant discloses that on February 26, 1982, he entered a plea of guilty to the offense of criminal damage to property (Ill. Rev. Stat. 1981, ch. 38, par. 21—1) and was placed on conditional discharge for one year. After leaving the courtroom defendant went to the residence of Debra Parker where he encountered his estranged wife, Earlene Gibson. The robbery charge upon which this appeal is premised is alleged to have occurred at that time, together with home invasion, battery, theft and criminal damage to property. On that same day the State filed a petition to revoke the conditional discharge which had been imposed that morning in which it alleged as violations battery, theft and criminal damage to property. The State also filed separate charges for home invasion and robbery and on March 25, 1982, an indictment was returned on those offenses.

While defendant was incarcerated in the county jail under the indictment and revocation petition, his alleged conduct there led to the filing by the State on May 24, 1982, of a second petition to revoke his conditional discharge. It alleged as grounds aggravated assaults against officers on March 30 and April 11, and criminal damage to jail property on May 23, 1982.

As earlier noted, the first trial under the indictment resulted in the dismissal by the court of the home invasion charge and a mistrial on March 5 as to the robbery. And, when the State declined to proceed with the retrial on May 18, the judgment of acquittal to robbery

was entered and the State filed its notice of appeal to this court on May 26.

On May 28, a revocation hearing was held before Judge Dexter Knowlton at which evidence was presented by the State relating to the May 24 petition charging misconduct by defendant in the county jail. No evidence was presented relating to the offenses which arose from defendant's alleged conduct on February 26 which resulted in the first petition for revocation and the indictment. At the conclusion of the hearing Judge Knowlton found that two of the three counts of the May 24 petition were established and, after revoking defendant's conditional discharge, sentenced him to 364 days in the Department of Corrections. Defendant's counsel thereupon requested that the court enter a directed verdict in favor of defendant as to the matters alleged in the February 26 petition, advising the court that Judge Smith had previously acquitted defendant of similar charges in the other proceeding. Judge Knowlton noted that no evidence had been presented in the hearing relating to theft or criminal damage to property occurring on February 26 and stated, "defendant is discharged, found not guilty of any violation on that petition."

From this factual basis defendant now argues that principles of double jeopardy and collateral estoppel bar further prosecution of the February 26 robbery offense rendering this appeal moot.

We note first that jeopardy does not attach at a revocation hearing and defendant's double jeopardy argument is thus without merit. (*People v. Newell* (1982), 105 Ill. App. 3d 330, 334-35, 434 N.E.2d 349, 353-54; *People v. Warne* (1976), 39 Ill. App. 3d 894, 897-98, 350 N.E.2d 836, 839, *cert. denied* (1977), 429 U.S. 1107, 51 L. Ed. 2d 559, 97 S. Ct. 1139.) Nor was there any judgment entered in the revocation proceeding which is *res judicata* of the robbery offense. The State was not required to join at the May 28 hearing all grounds for revocation known to it. As no evidence was offered and no ultimate fact relating to the robbery offense determined in the revocation hearing, collateral estoppel does not apply. *People v. Bone* (1980), 82 Ill. 2d 282, 288, 412 N.E.2d 444, 446-47, *cert. denied* (1981), 454 U.S. 839, 70 L. Ed. 2d 120, 102 S. Ct. 145.

Accordingly, the judgment of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

REINHARD and UNVERZAGT, JJ., concur.