THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. BILLY HARRIS, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DAVID H. STANISLAUS, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. TODD RACLAW, Defendant-Appellee.

Third District   Nos. 3—91—0034, 3—91—0035, 3—91—0063 cons.

Opinion filed December 18, 1991.

Edward Burmila, Jr., State's Attorney, of Joliet (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Alexander Beck, Assistant Public Defender, of Joliet, for appellee David H. Stanislaus.

No brief filed for other appellees.

JUSTICE SLATER delivered the opinion of the court:

These three consolidated cases present a common question: whether the trial court abused its discretion in refusing to grant a continuance to the State. In each case the State declined to participate in further proceedings and a judgment of acquittal was entered for the defendant. We reverse and remand.

Although the legal issues presented by these cases are virtually identical, the factual circumstances are not. Therefore we will relate the relevant facts in the record in each case.

APPEAL No. 3—91—0034.

On September 5, 1990, defendant Billy Harris was charged by criminal complaint with battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—3(a)(2)) and aggravated assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—2(a)(1)), both Class A misdemeanors. After defendant did not appear on his initial trial date, trial was set for December 21, 1991. When the case was called for trial, the State made an oral motion for a continuance due to the absence of a material witness, which was denied. The State then filed a written motion for continuance supported by affidavit and a handwritten document entitled "Stipulation." The motion averred that the missing witness was material, had been duly notified, was unavailable for trial and that the prosecution would be prejudiced by her absence. The motion requested a continuance pursuant to section 114—4 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 114—4) upon a finding by the court of due diligence on the part of the State. The motion further requested a continuance pursuant to section 114—4(e) if the court should find a lack of due diligence by the State. The document entitled "Stipulation" was signed by an assistant State's Attorney and stated:

"I undersigned on oath state that should the witness fail to testify appear testify [sic] he [sic] would state that what is written in the police report is true and correct."

The trial court denied the motion for continuance, and the defendant waived a jury trial and consented to a bench trial. The State elected to stand on its motion for continuance rather than request a nolle prosequi and declined the opportunity to present any evidence. Thereafter the trial court entered a judgment of acquittal. In its written order, the trial court noted that the affidavit attached to the State's motion did not state what the testimony of the absent witness would be and that the unsworn stipulation referred to a police report which was not attached to the motion and was not offered to the court. The motion was therefore denied for failure to comply with sections 114—4(a) and 114—4(c)(2).

APPEAL No. 3—91—0035.

On September 25, 1990, defendant David Stanislaus was charged by complaint with theft (Ill. Rev. Stat. 1989, ch. 38, par. 16—1(a)(4)), a Class A misdemeanor. When the case was called for trial on December 21, 1990, the State filed a written motion for continuance pursuant to sections 114—4 and 114—4(e). The motion alleged that a material witness, who had been duly notified, was unavailable for trial and

that the prosecution would be prejudiced by the witness' absence. The motion was supported by an unsworn affidavit signed by an assistant State's Attorney. The trial court denied the motion, and the State did not seek a *nolle prosequi*. A jury was selected with the State declining to participate or present any evidence, and the court entered a judgment of acquittal for defendant. The court's subsequent written order stated that the motion for continuance failed to comply with sections 114—4(a) and 114—4(c)(2) because the affidavit was not sworn to and the motion did not state how the missing witness was material or why he was unavailable. In addition, the motion failed to indicate the substance of the missing witness' testimony, thereby precluding the defendant from deciding whether or not to stipulate to that testimony and avoid a continuance. The court also found that the State had not been diligent in procuring the witness' appearance because the motion did not explain how or when the witness was notified and there was no evidence of a subpoena having been issued.

APPEAL No. 3—91—0063.

Defendant Todd Raclaw was charged by uniform traffic citation on July 17, 1990, with failure to reduce speed to avoid an accident (Ill. Rev. Stat. 1989, ch. 95½, par. 11—601(a)). Defendant's motion for a continuance was granted and trial was set for December 27, 1990. On that date the State filed a written motion for continuance pursuant to sections 114—4 and 114—4(e), alleging that a material witness had not been notified due to a clerical error and that the prosecution would be prejudiced by her absence. The motion was supported by an affidavit and an "Affidavit of Stipulation" which asserted that the witness would testify that defendant "failed to reduce his speed thereby causing an accident involving the auto [in] which she was a passenger." The defendant objected to the motion, and the trial court denied the continuance. When the case was called for trial the State chose to stand on its motion and presented no evidence. The court then granted defendant's motion for a directed verdict and entered a judgment of acquittal. In its subsequent written order, the court found that section 114—4(e) applied only to indictments and informations. The court also held that the State's affidavit did not comply with Supreme Court Rule 231 (134 Ill. 2d R. 231) because it did not contain a showing of diligence nor did it outline what testimony the absent witness would have given. The court found that the statement contained in the affidavit of stipulation was conclusory and insufficient.

We note initially that defendant Stanislaus is the only appellee to file a brief in this court. We nevertheless address the merits of each of these appeals in light of the simplicity of the records and the substantial similarity among the legal issues raised in each case. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

■ As a threshold matter, we consider defendant Stanislaus' contention that this court lacks jurisdiction to decide these cases because the State may not appeal from a judgment of acquittal. While it is true that the State may not ordinarily appeal from a judgment of acquittal, under Supreme Court Rule 604(a)(1) (134 Ill. 2d R. 604(a)(1)) the State may appeal from a judgment which has the substantive effect of a dismissal, and the fact that the court labels a judgment as an "acquittal" is not controlling. (*People v. Verstat* (1983), 112 Ill. App. 3d 90, 444 N.E.2d 1374; *People v. Edwards* (1981), 97 Ill. App. 3d 407, 422 N.E.2d 1117; see also *People v. Deems* (1980), 81 Ill. 2d 384, 410 N.E.2d 8.) It appears that the judgments here were acquittals in name only, and were instead "an artifice employed by the trial judge to achieve the result of a dismissal with prejudice for want of prosecution which *** he did not have the authority to order." (*Deems*, 81 Ill. 2d at 389, 410 N.E.2d at 11.) We hold, therefore, that this court has jurisdiction over these appeals.

The State contends that the trial judge in each of these cases abused his discretion in denying the State's motion for a continuance. We agree.

In appeal number 3—91—0063, the court denied the State's motion for failure to comply with Supreme Court Rule 231 because the motion did not contain a showing of diligence nor sufficiently detail what testimony the absent witness would provide. In appeals numbers 3—91—0034 and 3—91—0035, the court denied the motions for failure to comply with sections 114—4(a) and 114—4(c)(2). The bases of the rulings were that the motions and supporting documents did not reveal the substance of the absent witnesses' testimony and did not state how the missing witnesses were material, how they had been notified, nor why they were unavailable. In addition, there was no indication that a subpoena had been issued and one of the affidavits had not been notarized. Section 114—4 provides in relevant part:

> "Motion for continuance. (a) The defendant or the State may move for a continuance. If the motion is made more than 30 days after arraignment the court shall require that it be in writing and supported by affidavit.

\* \* \*

(c) A written motion for continuance made by the State more than 30 days after arraignment may be granted when:
\*\*\*

(2) A material witness is unavailable and the prosecution will be prejudiced by the absence of his testimony; however this shall not be a ground for continuance if the defendant will stipulate that the testimony of the witness would be as alleged;
\*\*\*

(d) The court may upon written motion of either party or upon the court's own motion order a continuance for grounds not stated in subsections (b) and (c) of this Section if he finds that the interests of justice so require.

(e) All motions for continuance are addressed to the discretion of the trial court and shall be considered in the light of the diligence shown on the part of the movant. Where 1 year has expired since the filing of an information or indictments, filed after January 1, 1980, if the court finds that the State has failed to use due diligence in bringing the case to trial, the court may, after a hearing had on the cause, on its own motion, dismiss the information or indictment. Any demand that the defendant had made for a speedy trial under Section 103—5 of this code shall not abate if the State files a new information or the grand jury reindicts in the cause.

After a hearing has been held upon the issue of the State's diligence and the court has found that the State has failed to use due diligence in pursuing the prosecution, the court may not dismiss the indictment or information without granting the State one more court date upon which to proceed. Such date shall not be less than 14 nor more than 30 days from the date of the court's finding. If the State is not prepared to proceed upon that date, the court shall dismiss the indictment or information, as provided in this section.
\* \* \*

(h) This Section shall be construed to the end that criminal cases are tried with due diligence consonant with the rights of the defendant and the State to a speedy, fair and impartial trial." Ill. Rev. Stat. 1989, ch. 38, par. 114—4.

The decision to grant or deny a continuance is within the discretion of the trial court, and the diligence shown by the movant is considered in weighing the exercise of that discretion. (*People v. Lott* (1977), 66 Ill. 2d 290, 362 N.E.2d 312; *People v. Verstat* (1983), 112

Ill. App. 3d 90, 444 N.E.2d 1374.) The trial court's decision depends upon the facts and circumstances existing at the time of the request and will not be disturbed absent an abuse of discretion. (*Verstat,* 112 Ill. App. 3d 90, 444 N.E.2d 1374.) The provisions of section 114—4 are not to be applied mechanically, but should be construed "to the end that criminal cases are tried with due diligence consonant with the rights of the defendant and the State to a speedy, fair and impartial trial" (Ill. Rev. Stat. 1989, ch. 38, par. 114—4(h); *Lott,* 66 Ill. 2d 290, 362 N.E.2d 312). It has been held that it is an abuse of discretion to deny the State's first request for a continuance where a legitimate reason exists for the absence of the witness (see *Verstat,* 112 Ill. App. 3d 90, 444 N.E.2d 1374), and an abuse of discretion may be found even in the absence of a written motion and supporting affidavit (see *People v. Peruscini* (1989), 188 Ill. App. 3d 803, 544 N.E.2d 1133).

■ In each of the instant cases the State filed a written motion for continuance supported by affidavit as required by section 114—4. In each case the trial judge found the motion to be insufficient due to a lack of information about the substance of the proposed testimony and the efforts by the State to produce the absent witness. It does not appear, however, that the denials of the motions were predicated upon a dearth of information about the State's diligence in contacting the witness or the nature of the testimony. Rather, it seems that the motions were denied due to perceived technical deficiencies in the written motions and supporting documents. There is no indication in the record that the additional information sought by the trial judges could not or would not have been provided orally in open court. Since section 114—4 does not specify that this information must be contained in the written motion for continuance, we find that it was an abuse of discretion for the trial judge in each of the instant cases to deny the motions solely on that basis. Although the trial court in appeal number 3—91—0063 based its decision on a failure to comply with Supreme Court Rule 231, we nevertheless find an abuse of discretion. Rule 231 applies to motions for continuances in civil cases (see 134 Ill. 2d R. 1, Committee Comments, at 1); section 114—4 governs continuances in criminal cases.

■ In addition, even if we were to find that there was no abuse of discretion in denying the motions for continuance, we would nevertheless reverse and remand these cases. Although each of the defendants was "acquitted" by the trial court after the State declined to participate, we find that these "acquittals" were in effect dismissals for want of prosecution. The statutory grounds for a dismissal of charges against a defendant are set forth in section 114—1 of the

Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 114—1), and these grounds do not include dismissal for want of prosecution. While trial courts also have inherent authority to dismiss charges where there has been a denial of due process (*People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244), no such denial is involved in these cases.

The situation in *People v. Verstat* (1983), 112 Ill. App. 3d 90, 444 N.E.2d 1374, is very similar to that presented here. In *Verstat* the State appealed from judgments of acquittal of 11 defendants who were charged with various misdemeanors and traffic violations. In each case the State's motion for continuance was denied, after which the defendant was sworn, the State presented no evidence, and the defendant was acquitted. The *Verstat* court examined each of the 11 cases and found in three of them that the trial court had not abused its discretion in denying the continuance. Nevertheless, the *Verstat* court held that the trial court "was without authority to proceed to a 'trial' as it did since the 'trial' was, in effect, a dismissal which the court lacked the authority to order." *Verstat*, 112 Ill. App. 3d at 102, 444 N.E.2d at 1383.

The only difference between *Verstat* and these cases is that in *Verstat* the State moved to nol-pros each case, but the motions were denied. However, no motions to nol-pros are reported in *People v. Hall* (1983), 117 Ill. App. 3d 881, 454 N.E.2d 6, or *People v. Edwards* (1981), 97 Ill. App. 3d 407, 422 N.E.2d 1117, and yet both courts also held that "acquittals" granted where the State presented no evidence were impermissible attempts to grant a dismissal for lack of prosecution. Based on *Verstat, Hall*, and *Edwards*, we believe that the trial court erred in proceeding as it did. See also *People v. Rudi* (1984), 103 Ill. 2d 216, 469 N.E.2d 580; *People v. Deems* (1980), 81 Ill. 2d 384, 410 N.E.2d 8.

While we understand and sympathize with a trial court's need to control its docket, the procedure employed in these cases was improper. We point out that a court may enforce its orders through the use of its inherent contempt powers. Our decision makes its unnecessary to address the State's additional argument that it was entitled to an automatic continuance under the second paragraph of subsection (e) of section 114—4 (Ill. Rev. Stat. 1989, ch. 38, par. 114—4(e)). We note parenthetically, however, that this subsection by its terms applies only to informations and indictments and not to complaints or uniform traffic citations. (See *Verstat*, 112 Ill. App. 3d 90, 444 N.E.2d 1374.) In addition, we believe this provision is inapplicable unless one

year has passed since the filing of the indictment or information. See *Hall*, 117 Ill. App. 3d 881, 454 N.E.2d 6.

For the reasons stated above, the judgment of the circuit court in each of these consolidated cases is reversed and remanded.

Reversed and remanded.

BARRY and McCUSKEY, JJ., concur.