UNITED STATES of America, Plaintiff,

v.

Michael P. FOSHER, Defendant.

Crim. No. 76–229–C.

United States District Court,
D. Massachusetts.

May 1, 1978.

Robert B. Collings, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Andrew H. Good, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

CAFFREY, Chief Judge.

Defendant, pursuant to 18 U.S.C.A. § 3006A(e)(1), has applied for the payment at government expense of the services of Dr. Robert Buckhout, Associate Professor of Psychology, Brooklyn College, City University of New York, as a defense expert witness on the subject of eyewitness identification testimony. Upon order of this Court and in support of the application, defendant has submitted an affidavit of counsel containing an offer of proof concerning the expected testimony of Dr. Buckhout at trial. The United States challenges the admissibility of the proffered expert testimony on the grounds of Rules 702 and 403 of the Federal Rules of Evidence.

Both parties agree that the crucial evidence for the jury to assess will be the eyewitness testimony of two government witnesses identifying defendant as a participant in the bank robbery. Defendant's offer of proof states that Dr. Buckhout would testify as to the results of scientific research regarding the following topics: (1) factors related to perception in original perceptions, including limited opportunities to observe; (2) the psychology of memory as determined through experimental techniques including the rate of decay of remembered visual images; and (3) the difference in reliability between various types of recall and recognition tests. Nothing in the offer of proof indicates that Dr. Buckhout's testimony will analyze the specific testimony of the government witnesses.

Under Fed.R.Evid. 702, a witness qualified as an expert may testify only if his scientific or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact at issue. It has been my experience that juries in criminal cases have been confronted with and have competently evaluated the testimony of eyewitnesses without the aid and assistance of experimental psychologists.

Mindful of the dangers inherent in eyewitness testimony, this Court has routinely instructed jurors to scrutinize with care an eyewitness' opportunity for observation, mental state, and environmental conditions at the time of observation, and the lapse of time between observation and subsequent identification. I am convinced, therefore, that the average lay jurors, on the basis of their own life experiences and common sense, can make an informed evaluation of eyewitness testimony without the assistance of a psychologist, particularly when the jurors are aided by professional argument and skillful cross-examination. This conclusion is reinforced by the number of cases in which the rejection by trial courts of alleged expert testimony regarding the credibility of eyewitness identification has met with appellate approval. *E. g., United States v. Smith*, 563 F.2d 1361, 1362–63 (9th Cir. 1977); *United States v. Brown*, 540 F.2d 1048, 1053–54 (10th Cir. 1976), *cert. denied*, 429 U.S. 1100, 97 S.Ct. 1122, 51 L.Ed.2d 549 (1977); *United States v. Amaral*, 488 F.2d 1148, 1152–53 (9th Cir. 1973).

While defendant avers that Dr. Buckhout has been permitted to testify in unreported federal and state criminal trials, he fails to mention the two reported cases in which Dr. Buckhout has been barred from describing the results of scientific inquiry into eyewitness psychology. *United States v. Brown*, 501 F.2d 146, 150–51 (9th Cir. 1974), *rev'd on other grds. sub nom. United States v. Nobles*, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975); *United States v. Collins*, 395 F.Supp. 629, 635–37 (M.D.Pa.), *aff'd*, 523 F.2d 1051 (3d Cir. 1975). Moreover, Judge Lucas, in ruling on an identical matter at the bank robbery trial in *United States v. Brown*, 501 F.2d 146, *supra*, declared:

> It is the Court's view that it does not take an expert to tell a jury that a person, when under stress, can make a mistake. I think that it is clearly a matter of argument. I think that it would be an invasion of the province of the jury if we should allow this type of testimony in these cases. The Court is going to hold that it is unreasonable to request such

testimony; that it is not necessary in this case; that the offer of proof is inadequate; and that such testimony would not be of assistance to the trier of facts; and that they are, uniquely as jurors, able to pool their common experience and to resolve these very specific issues which Doctor Buckhout would seek to testify to. *Id.* Transcript at 481–82.

I agree.

Therefore, considering all the circumstances of this case, I rule, as a matter of discretion, that Dr. Buckhout's proffered testimony is inadmissible under Fed.R.Evid. 702 and 403 because the testimony would invade the province of the jury, would create a substantial danger of undue prejudice and confusion because of its aura of special reliability and trustworthiness, and that it would have limited probative value directed, as it is, to the expert's thesis rather than the actual eyewitness accounts. *Accord, United States v. Collins, supra.* For these reasons, the request to call Dr. Buckhout as an expert witness and the application for government payment for his services should be and hereby are denied.