UNITED STATES of America, Appellee,

v.

Michael P. FOSHER, Defendant,
Appellant.

No. 78–1278.

United States Court of Appeals,
First Circuit.

Argued Nov. 6, 1978.

Decided Jan. 15, 1979.

Andrew H. Good, Boston, Mass., by appointment of the Court, for appellant.

Robert B. Collings, First Asst. U. S. Atty., Chief, Crim. Div., Boston, Mass., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

This is the second appeal arising from the prosecution of appellant for bank robbery and assaulting bank employees. Appellant's first conviction was reversed and remanded for a new trial. *United States v. Fosher*, 568 F.2d 207 (1st Cir. 1978). The jury in appellant's first retrial was unable to reach a verdict. A second retrial resulted in conviction, from which this appeal arises. The facts and evidence involved are set out in our first opinion in this case.

As noted in our first opinion, the government's case depended almost entirely upon the testimony of two eyewitnesses who placed appellant in the vicinity of the bank at the time of the robbery. The instant appeal arises from appellant's unsuccessful attempt to introduce purportedly expert testimony on the unreliability of eyewitness identification at the second retrial. Specifically, appellant challenges the trial court's rejection of a written offer of proof and of a request for government funds under 18 U.S.C. § 3006A(e) to pay for preparation of a testimonial offer on the subject of scientific evidence relating to perception and memory of eyewitnesses. *See United*

*States v. Fosher*, 449 F.Supp. 76 (D.Mass. 1978). Given the broad discretion allowed a trial court in determining the admissibility of expert testimony, we affirm the decisions to exclude such testimony on the basis of the written offer, forego a testimonial offer, and refuse funds under the Criminal Justice Act.

■ We begin with the issue of admissibility and with the fundamental proposition that the propriety of receiving expert testimony rests within the sound discretion of the trial court. *Salem v. United States Lines Co.*, 370 U.S. 31, 82 S.Ct. 1119, 8 L.Ed.2d 313 (1962); 3 Weinstein's Evidence ¶ 702[01], at 702–9. In the instant case, the trial court held that the proffered testimony would not assist the jury in determining the fact at issue; that the jury was fully capable of assessing the eyewitnesses' ability to perceive and remember, given the help of cross-examination and cautionary instructions, without the aid of expert testimony; that expert testimony would raise a substantial danger of unfair prejudice, given the aura of reliability that surrounds scientific evidence; and that the limited probative value of the proof offered was outweighed by its potential for prejudice. We think that these conclusions were supported by the facts and provided a sound basis for the exercise of discretion. Or, to describe our ruling in terms that underscore the burden on appellant, we cannot say that the described testimony must be admitted as matter of law.

■ First, the written offer of proof did not make clear the relationship between the scientific evidence offered and the specific testimony of the eyewitnesses. Rather, the offer proclaimed that the expert "will not comment at all . . . on the testimony of any named witness in this or any other trial." Although the offer also represented that the expert would not expound in general on the unreliability of eyewitness testimony but would rather confine his recitation to such scientific facts as limited perception given limited opportunity to observe, rate of memory decay, and the source of memory given limited opportunity to ob-

serve followed by review of mug shots, the offer never explained how the expert's information would help the jury analyze the particular witnesses' ability to perceive and remember. In short, the offer supported the trial court's discretionary conclusion that the testimony would have limited, if any, relevance.

Second, the offer did not make clear that the testimony, even if relevant to the particular witnesses involved, would be based upon a mode of scientific analysis that meets any of the standards of reliability applicable to scientific evidence. *See Frye v. United States*, 54 App.D.C. 46, 293 F. 1013 (1923) (applying "general acceptance" standard); *United States v. Williams*, 583 F.2d 1194 (2d Cir. 1978) (applying "flexible" standard). The trial court's ruling that the eyewitnesses' perceptions and memory were within the ken of a lay jury and that the expert would not assist their evaluation of the quality of the identification, as required by F.R.Evid. 702, reflects this weakness in the offer of proof. As Professor Weinstein explains, a trial court can, in its discretion, conclude that scientific evaluation either has not reached, or perhaps cannot reach a level of reliability such that scientific analysis of a question of fact surpasses the quality of common sense evaluation inherent in jury deliberations.[1] 3 Weinstein, *supra*, at 702–6.

In the same vein, we are not troubled by appellant's arguments that F.R. Evid. 702 required admission of the expert testimony because it could "assist" the trier of fact. We recognize that the Advisory Committee's Note accompanying Rule 702 suggests that science will "assist" the jury so long as the untrained layman would not be able "to the best possible degree" to determine the issue by himself. *See* 3 Weinstein, *supra*, at 702–2. Admittedly, lay jurors may not have the best possible knowledge of the organic and behavioral mechanisms of perception and memory. But to be a proper subject of expert testimony, proof offered to add to their knowledge must present them with a system of analysis that the court, in its discretion, can find reasonably likely to add to common understanding of the particular issue before the jury. We are satisfied that the trial court was within its discretion when it found the offer in this case neither sufficiently focussed on the issue nor sufficiently beyond the ken of lay jurors to satisfy Rule 702. *See United States v. Amaral*, 488 F.2d 1148, 1153 (9th Cir. 1973) (reciting requirements of proper subject and accepted scientific analysis and rejecting expert testimony on eyewitness abilities).

Quite apart from questions of limited relevance and reliability, the trial court also feared that the proffered expert testimony would create a substantial danger of undue prejudice and confusion because of its aura of special reliability and trustworthiness. Other courts have expressed the same concern about just this sort of expert testimony. *See United States v. Brown*, 501 F.2d 146, 148–50 (9th Cir. 1974), *rev'd on other grounds sub nom. United States v. Nobles*, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975); *United States v. Amaral, supra; United States v. Collins*, 395 F.Supp. 629, 636 (M.D.Pa.), *aff'd mem.*, 523 F.2d 1051 (3d Cir. 1975). The balancing of prejudice and probative value under F.R. Evid. 403 rests with the sound discretion of the trial court. *United States v. Fosher*, 568 F.2d 207 (1st Cir. 1978). We can add to the trial court's articulated concerns our own conviction that a trial court has the

---

1. We read the trial court's statement that the expert testimony would "invade the province of the jury" as reflecting its conclusion that the proffered science could not add to common sense evaluation. Contrary to appellant's argument, we do not read the trial court's statement as transgressing the spirit of F.R.Evid. 704. Rule 704 allows an expert to testify about specific facts in issue, and the Advisory Committee's Note on the Rule rejects former doctrine which excluded expert testimony on so-called ultimate issues of fact. *See* 3 Weinstein, *supra*, at 704–1. In saying that the expert would invade the province of the jury, we think the trial court was stating that the issue was not a proper subject of expert testimony under F.R. Evid. 702, that is, a subject beyond the ken of the ordinary juror and reliably analyzed by modern science.

discretion to avoid imposing upon the parties the time and expense involved in a battle of experts. We cannot say that the balance of prejudice and probative value reached by the trial court was an abuse of discretion.

■■■■ This case is further complicated by the trial court's denial of appellant's request for government funds to support a testimonial elaboration of his offer of proof. Such an elaboration might have cured some of the problems of reliability that we think supported the trial court's conclusion that the jury would not be assisted by the expert. Nevertheless, we think the trial court was entitled to rely upon the representations made in the written offer that the expert would not analyze the testimony of the specific eyewitnesses involved in the case. Moreover, the overall thrust of the written offer emphasized general testimony about the type of perception and memory involved in the case and did not intimate that further development of the offer would make clear how the expert would help the jury analyze the issues in the case. Given the additional discretion to consider the balance of prejudice and probative value, we cannot say that the trial court abused its discretion by deciding to forego further development of appellant's offer of proof. Further, because the appellant sought Criminal Justice Act funds solely to develop expert testimony, if the exclusion of the expert evidence was within the discretion of the court, then the court clearly did not abuse its discretion in refusing to authorize funds.[2] *United States v. Penick*, 496 F.2d 1105, 1110 (7th Cir. 1974); *United States v. Harris*, 542 F.2d 1283, 1316 (7th Cir. 1976).

*Affirmed.*

---

2. We find appellant's additional constitutional claims to be without merit. We do not think that the right to compulsory process includes a right to adduce otherwise excludable evidence.