**UNITED STATES of America, Appellee,**

v.

**Robert Hazen WALKER, Defendant, Appellant.**

**No. 82–1119.**

United States Court of Appeals, First Circuit.

Argued March 7, 1983.

Decided May 4, 1983.

Rehearing Denied June 15, 1983.

Charles F. Dalton, Jr., Andover, Mass., with whom Dalton & Bryden, Andover, Mass., was on brief, for defendant, appellant.

Helen J. Forsyth, Asst. U.S. Atty., Concord, N.H., with whom W. Stephen Thayer, III, U.S. Atty., Concord, N.H., was on brief, for appellee.

Before CAMPBELL, Chief Judge, BOWNES, Circuit Judge, and CAFFREY,* District Judge.

CAFFREY, District Judge.

Defendant, Robert Hazen Walker, and co-defendant Ralph J. Palumbo, were tried by a jury and found guilty of participating in a conspiracy to distribute cocaine, possessing cocaine with intent to distribute, and distributing and attempting to distribute cocaine, a Schedule II controlled substance. A number of pretrial motions were filed by the defendants, and the district court's rulings on those motions are the subject of this appeal. Only the claims of defendant-appellant Walker are before us at this time.

Walker raises three issues on appeal. He argues first, that the trial court erred in denying his motion for severance; second, that the district court erred in finding that he lacked standing to challenge the admissibility of evidence seized at co-defendant Palumbo's residence, and third, that the evidence seized at Palumbo's resident should have been suppressed. We reject these claims and affirm the conviction.

I. *The Facts*

On July 14, 1981 appellant Walker and co-defendant Ralph Palumbo were arrested at the Ramada Inn in Dover, New Hampshire. The arrests took place during a meeting between Walker, Palumbo and a government informant named Bradley.

Informant Bradley had told Walker that he had $25,000 to spend on cocaine and Walker agreed to sell Bradley ten ounces. The purchase was to take place on July 14. At about noon on that date Walker met

with Bradley at the Salem Inn in Salem, New Hampshire. The deal was finalized and was set up for later that day at the Ramada Inn in Dover, New Hampshire. Walker telephoned the Palumbo residence in Berwick, Maine and then drove over to Palumbo's house to pick up Palumbo and to bring him to the meeting with Bradley. Later in the afternoon Walker and Palumbo arrived at the parking lot of the Dover Ramada Inn and met with Bradley. The two spoke with Bradley and passed him a brown bag. When Bradley examined the contents of the bag and saw that it contained a white powdery substance, later identified as cocaine, the arrest signal was given to surveilling agents, and the arrests were made.

Subsequent to the arrests of Walker and Palumbo, law enforcement officials decided to obtain a search warrant for Palumbo's residence in Berwick, Maine. While awaiting issuance of the warrant, officers proceeded to secure the home. Later that evening, after the warrant was issued a thorough search of the residence was performed. As a result of the search various items were seized including four revolvers, a 30-caliber rifle, a double-barrel shotgun, two rifles, various rounds of ammunition, a triple-balanced beam scale with white residue, one package of sandwich bags, a razor, a Chevrolet Corvette, an empty mannite container, miscellaneous papers and $8,010 in United States Currency. These items were offered into evidence by the Government and admitted by the trial court over the objection of defendants.

II. *The Law*

Appellant-Walker raises three issues on appeal; the second of which, that the district court erred in ruling that he lacked standing to challenge the admissibility of evidence seized at the Palumbo residence, can be disposed of summarily. In order to contest a search or seizure on fourth amendment grounds, a defendant has the burden of establishing that he has a legitimate and reasonable expectation of

---

* Of the District of Massachusetts, sitting by designation.

privacy in the premises searched or in the property seized *Rawlings v. Kentucky,* 448 U.S. 98, 104–05, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980); *United States v. Salvucci,* 448 U.S. 83, 95, 100 S.Ct. 2547, 2554–2555, 65 L.Ed.2d 619 (1980); *Rakas v. Illinois,* 439 U.S. 128, 143, 99 S.Ct. 421, 430, 58 L.Ed.2d 387 (1978). Therefore, Walker can claim the protection of the fourth amendment only if he had a legitimate expectation of privacy in the invaded place. In as much as defendant has conceded that he "clearly lacked a legitimate expectation of privacy" (*see* Appellant's brief at 22), we agree with the district court that the search of the Palumbo residence did not transgress Walker's fourth amendment rights, and that he therefore lacked standing to challenge the denial of the motion to suppress the evidence seized at the Palumbo home. Our decision to affirm the district court on this standing issue renders moot the appellant's third point on appeal regarding the denial of the suppression motion.

We now turn to appellant's remaining contention, that the district court erred in denying his motion for severance. Even though initial joinder may be proper, a defendant may be entitled to severance pursuant to Fed.R.Crim.P. 14 if he can show that he would suffer substantial prejudice from a joint trial. *United States v. Tashjian,* 660 F.2d 829, 834 (1st Cir.), *cert. denied* 454 U.S. 1102, 102 S.Ct. 681, 70 L.Ed.2d 646 (1981); *United States v. Patterson,* 644 F.2d 890, 900 (1st Cir.1981). Whether a severance should be granted is a question for the trial judge's discretion and thus a denial of severance will be overturned on appeal only if that discretion has been abused. *United States v. Greenleaf,* 692 F.2d 182, 187 (1st Cir.1982); *United States v. Thomann,* 609 F.2d 560, 564 (1st Cir.1979). The burden is on an appellant to make a strong showing of prejudice from the denial; the district court will be reversed only if appellant can show that the court's refusal to sever deprived him of a fair trial and resulted in a possible miscarriage of justice. *United States v. Greenleaf, supra,* 692 F.2d at 187; *United States v. Barbosa,* 666 F.2d 704, 708 (1st Cir.1981). Our review of the record

convinces us that the district court did not abuse its discretion in denying Walker's motion to sever.

Walker argues that once the trial judge ruled against him on the issue of standing, it became clear that the admission of evidence seized at the Palumbo residence would result in substantial prejudice to him if there were a joint trial. Walker claims that the admission into evidence of the items seized at the Palumbo residence, especially the large quantity of weapons, created substantial prejudice against him. The burden is on Walker to prove that he suffered from prejudice greater "than that which necessarily inheres whenever multiple defendants or multiple charges are jointly tried." *United States v. Tashjian, supra,* 660 F.2d at 834; *United States v. Adams,* 581 F.2d 193, 198 (9th Cir.1978), *cert. denied* 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978).

A reading of the district court's order of November 18, 1981, in which defendant's motion for severance was denied, reveals that the district court was keenly aware of the risk of prejudice, analyzed the proper factors, and properly concluded that defendant's right to a fair trial could be sufficiently safeguarded through the use of limiting instructions, *United States v. Tashjian, supra,* 660 F.2d at 835, and by the court's adherence to the guidelines established in *United States v. Ciampaglia,* 628 F.2d 632 (1st Cir.1980) and *United States v. Petrozziello,* 548 F.2d 20 (1st Cir.1977). During the trial, the court carefully limited the admissibility of evidence when appropriate, and in the final charge the district court specifically instructed the jury that the items seized at Palumbo's residence were to be considered only against defendant Palumbo and not against Walker unless and until the jury found both that a conspiracy existed, and that Walker was one of its members. The court took great pains to impress upon the jury its duty to determine the guilt of each defendant individually. *United States v. Smolar,* 557 F.2d 13, 21 (1st Cir.), *cert. denied,* 434 U.S. 966, 971, 98 S.Ct. 508, 523, 54 L.Ed.2d 453, 461 (1977).

Through its instructions to the jury, the district court clearly minimized the risk of prejudice to defendant Walker. In light of those repeated admonitions during the trial and in the charge, we conclude that Walker suffered at most no more prejudice than that which necessarily inheres in any conspiracy case.

Finally, we note that appellant has implicitly raised a question as to the relevancy at trial of the materials seized at the Palumbo residence. While we are far from convinced that the evidence seized at the Palumbo residence, including numerous weapons, is irrelevant in a drug conspiracy case such as this, we need not ruminate at length over this contention, for determinations of relevancy are within the sound discretion of the trial court and will not be overruled absent an abuse of discretion, Fed.R.Evid. 403, *United States v. Fosher*, 590 F.2d 381, 383 (1st Cir.1979). We are fully satisfied that the trial judge was within his discretion in finding the seized items relevant to the matters in issue.

*Appellant's conviction is affirmed.*