**Marion G. ROBERTSON, Plaintiff,**

v.

**Paul N. McCLOSKEY, Jr., Defendant.**

**Civ. A. No. 86–2877.**

United States District Court, District of Columbia.

Jan. 15, 1988.

Douglas V. Rigler, Kaplan, Russin & Vecchi, Washington, D.C., for plaintiff.

George A. Lehner, Sloan, Lehner & Ruiz, Washington, D.C., for defendant: Roger C.

Spaeder, Zuckerman, Spaeder, Goldstein, Taylor & Kolker, Washington, D.C., co-counsel.

## OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

Presently pending before the Court is defendant's motion in limine seeking to exclude the expert testimony of Dr. Matthew Erdelyi and plaintiff's opposition thereto. For the reasons outlined below, this motion will be granted.

### I. Background

Dr. Erdelyi states that he is an expert in "the psychodynamics of memory and perception." *See* Rule 26(b)(4) Statement at 1.[1] If permitted to testify, Dr. Erdelyi would discuss "the factors that bear on the reliability of recollections" of five witnesses concerning events that occurred during the Korean War in 1950 and 1951. *Id.*[2] Based on his reading of the witnesses' depositions and his familiarity with memory and perception studies, Dr. Erdelyi will state that the accuracy of memory diminishes with time; that, in many instances, a person can reconstruct or even fabricate the details of a complex event that took place long ago; and that the "[u]ncorroborated recollections in this case ... deserve to be treated with considerable caution." *Id.* at 7.

In his motion, defendant contends that Dr. Erdelyi's testimony (1) would not assist the jury and would usurp its role; (2) is irrelevant because it is not based on an individualized examination of each witness; (3) is prejudicial because it would tend to mislead or confuse the jury; and (4) is not based on a scientifically-reliable body of knowledge. Plaintiff disagrees with these arguments. He contends that the effects of cognitive biases on memory and perception are matters outside the grasp of most jurors, that the psychology of memory and perception is an established field of science and that the probative value of Dr. Erdelyi's testimony would outweigh its prejudicial effects.

### II. Discussion

Federal Rule of Evidence 702 provides: If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

The admissibility of expert testimony must be determined on a case-by-case basis. *See* 3 *Weinstein's Evidence* § 702[02] at 702–12 (1987). Before such testimony may be admitted at trial, its proponent must demonstrate that (1) the expert is properly qualified; (2) his testimony will assist the trier of fact; and (3) the expert's testimony is reliable and accurate. *See generally id.* at 702[01]–[04]. Each of these factors will be considered in turn.

### A. Qualifications

Because defendant does not contend that Dr. Erdelyi is unqualified in the area of memory and perception and because a perusal of Dr. Erdelyi's curriculum vitae indicates that he has ample experience in his field, *see supra* note 1, this criterion has been satisfied.

### B. Assistance to the Trier of Fact

■ The standard for determining whether expert testimony will assist the jury is a broad one. As formulated by Wigmore, the essential inquiry is this: "On *this subject* can a jury from *this person* receive appreciable help?" *Wigmore on Evidence* § 1923 at 21 (3d ed. 1940) (emphasis in original). Although there is a "presumption that expert testimony will be helpful," *In re Japanese Electronic Prod-*

---

1. Dr. Erdelyi is a professor at Brooklyn College of the City University of New York, holds master and doctoral degrees from Yale University and has an extensive list of publications in his field. *See* Exhibit A to Plaintiff's Memorandum in Opposition.

2. These witnesses have given deposition testimony that is favorable to defendant.

*ucts Antitrust Litigation,* 723 F.2d 238, 279 (3d Cir.1983), *rev'd on other grounds,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), a trial court has broad discretion to exclude expert testimony that, for example, relates to matters of common sense or everyday knowledge, *Scott v. Sears, Roebuck & Co.,* 789 F.2d 1052, 1055 (4th Cir. 1986), is not relevant to any issue in the case, *United States v. Sorrentino,* 726 F.2d 876, 885 (1st Cir.1984), or would serve to confuse the jury, *United States v. De-Luna,* 763 F.2d 897, 912 (8th Cir.), *cert. denied,* 474 U.S. 980, 106 S.Ct. 382, 88 L.Ed.2d 336 (1985).

■ The parties vigorously dispute whether Dr. Erdelyi's testimony would be helpful to the jury in this case. Plaintiff cites a number of recent decisions [3] that he asserts demonstrates the admissibility of Dr. Erdelyi's testimony on memory and perception. The authorities on which plaintiff relies, however, do not support his claim. As a factual matter, those authorities—which involve testimony by experts on the reliability of incriminating *eyewitness identifications*—are readily distinguishable from the instant case, in which Dr. Erdelyi proposes to testify with respect to the memory and perception of partici-

pants in complex events and conversations.[4] Moreover, these decisions do not lay down any hard-and-fast rule mandating the admission of testimony from eyewitness experts. Rather, they reject the proposition that experts on eyewitness identification should *always* be excluded and hold that the use of such experts *may* be permissible in certain, limited circumstances.[5] Finally, viewed from a philosophical perspective, the authorities cited by plaintiff rested their decisions on fundamentally different premises than those at issue in the present case. Here, the expert would bolster some of the claims made by a civil plaintiff in a libel action; in contrast, however, the courts that relaxed the standards for admissibility were concerned with protecting the constitutional rights of criminal defendants seeking to rebut charges based on eyewitness identifications.[6] Thus, these cases in no way require the admission of Dr. Erdelyi's testimony.

Defendant cites a similarly long list of decisions for the proposition that "[t]he federal circuits have uniformly held that expert opinions on perception and memory should be excluded from evidence." Motion in Limine at 3.[7] Like plaintiff, how-

---

**3.** *See United States v. Sebetich,* 776 F.2d 412 (3d Cir.1985); *United States v. Downing,* 753 F.2d 1224 (3d Cir.1985); *United States v. Smith,* 736 F.2d 1103 (6th Cir.), *cert. denied,* 469 U.S. 868, 105 S.Ct. 213, 83 L.Ed.2d 143 (1984); *People v. McDonald,* 37 Cal.3d 351, 208 Cal.Rptr. 236, 690 P.2d 709 (1984) (en banc); *State v. Chapple,* 135 Ariz. 281, 660 P.2d 1208 (1983).

**4.** Plaintiff admits as much. *See* Opposition at 6 ("The testimony of Dr. Erdelyi will focus on group dynamics and long-faded memory. This evidence is ... substantially different from the the expert testimony proferred in the eyewitness cases").

**5.** *See Sebetich,* 776 F.2d at 419 ("In *Downing,* we held that Fed.R.Evid. 702 may permit a defendant to adduce testimony from an expert in the field of human perception and memory concerning the reliability of eyewitness identifications. We held further that the admission of this kind of expert testimony is not automatic, but must survive preliminary scrutiny by the district court"); *Smith,* 736 F.2d at 1105–1108 (considering proffered testimony under four-part analysis); *McDonald,* 208 Cal.Rptr. at 254, 690 P.2d at 727 ("[T]he decision to admit or exclude expert testimony on psychological

factors affecting eyewitness identification remains primarily a matter within the trial court's discretion ... We expect that such evidence will not often be needed"); *Chapple,* 660 P.2d at 1224 ("In reaching this conclusion [that the trial court erred in excluding expert testimony], we do not intend to 'open the gates' to a flood of expert evidence on the subject ... The rule in Arizona will continue to be that in the usual case we will support the trial court's discretionary ruling on the admissibility of expert testimony on eyewitness identification").

**6.** *See, e.g., Downing,* 753 F.2d at 1227 (evidence against defendant consisted primarily of twelve eyewitnesses); *Smith,* 736 F.2d at 1106 ("This Circuit has been particularly mindful of the dangers of misperception in criminal cases"); *McDonald,* 208 Cal.Rptr. at 244, 690 F.2d at 717 (defendant convicted of murder; court notes that "'the annals of criminal law are rife with instances of mistaken identification'" (quoting *United States v. Wade,* 388 U.S. 218, 228, 87 S.Ct. 1926, 1933, 18 L.Ed.2d 1149 (1967)).

**7.** *See United States v. Thevis,* 665 F.2d 616 (5th Cir.1982); *United States v. Fosher,* 590 F.2d 381 (1st Cir.1979); *United States v. Brown,* 540 F.2d

ever, defendant has overstated his case. For one thing, these decisions also involve eyewitness identification experts in criminal cases, not memory and perception experts in civil matters. More important, however, is the fact that these courts did not announce a categorical rule compelling the admission of expert testimony. Instead, they considered the particular facts presented and affirmed decisions to exclude the expert testimony on a number of grounds: that the proposed testimony was too general and thus irrelevant[8]; that the subject of the expert testimony was within the common sense understanding of the jury and could be probed on cross-examination[9]; and that the testimony could serve to confuse the jury or was cumulative of other evidence already admitted.[10]

There is therefore no magic formula for determining whether Dr. Erdelyi's testimony is admissible. An independent decision must be made to determine whether that testimony would be helpful to the jury. Having carefully considered the matter, the Court concludes that this evidence should be excluded for the following reasons:

1. The bulk of Dr. Erdelyi's proposed testimony concerns matters that are squarely within the comprehension of the average juror. It is no secret that memory decreases over time, that individuals can selectively remember or even fabricate events, or that stress can have an impact on memory or perception. In *United States v. Affleck*, 776 F.2d 1451 (10th Cir. 1985)—the only decision located that involved a memory expert as opposed to an eyewitness expert—the court affirmed the trial court's exclusion of the expert and stated:

> Specialized testimony explaining memory, however, is improper. The average person is able to understand that people forget; thus, a faulty memory is a matter for cross-examination.

*Id.* at 1458. The Court agrees with this assessment and notes that plaintiff will have full opportunity at trial to cross-examine the five witnesses on their memory of the events that took place 38 years ago in Korea.

2. Dr. Erdelyi's testimony also suffers from problems of relevancy. The substance of his testimony consists of a series of blanket assertions on the operation on memory and perception drawn from a number of psychological studies. He does not, however, discuss the ability of *particular* witnesses to accurately remember *particular* events that will be in issue at trial. As defendant points out, *see* Reply Brief at 12–13, these individuals had unique experiences with differing levels of stress and exposure to events. The level of generality inherent in this expert's testimony is an additional reason for finding that it would not assist the jury. *See Thevis*, 665 F.2d at 641 (general testimony would "open the door to a barrage of marginally relevant psychological evidence"); *Fosher*, 590 F.2d at 382–83 (offer of proof did not relate to particular witnesses' ability to perceive and remember); *Amaral*, 488 F.2d at 1153 (testimony rejected, in part, because of differing levels of stress on eyewitnesses).[11]

3. Finally, were Dr. Erdelyi's testimony to be admitted, defendant would properly exercise his right to call his own expert on memory and perception to rebut Dr. Erdelyi's claims and to challenge the recollection of plaintiff's witnesses. This battle of

1048 (10th Cir.1976), *cert. denied*, 429 U.S. 1100, 97 S.Ct. 1122, 51 L.Ed.2d 549 (1977); *United States v. Amaral*, 488 F.2d 1148 (9th Cir.1973).

8. *Thevis*, 665 F.2d at 641; *Fosher*, 590 F.2d at 382–83.

9. *United States v. Serna*, 799 F.2d 842, 850 (2d Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 1887, 95 L.Ed.2d 494 (1987); *United States v. Affleck*, 776 F.2d 1451, 1458 (10th Cir.1985); *United States v. Purham*, 725 F.2d 450, 454 (8th Cir.1984); *Fosher*, 590 F.2d at 383.

10. *Serna*, 799 F.2d at 850; *United States v. Moore*, 786 F.2d 1308, 1313 (5th Cir.1986).

11. The cases cited by plaintiff are fully consistent with this view. *See, e.g., Downing*, 753 F.2d at 1237 (requiring a "connection between the scientific research or test result to be presented, and particular disputed factual issues in the case"); *Smith*, 736 F.2d at 1106 (noting that expert "offered proof based upon the *facts* of this case") (emphasis in original).

the experts, however, would not merely serve as a prolongation of a trial already scheduled to last three weeks but also, more importantly, could well confuse the jury on matters that are within every person's grasp. In such a case, exclusion of the proposed testimony is proper. *See, e.g., Fosher,* 590 F.2d at 383–84.

In sum, these factors—the common sense nature of the testimony, the relevancy problem, and the likely confusion and delay engendered by competing experts—compel the Court to the conclusion that the testimony of Dr. Erdelyi would not assist the jury in this instance. This ruling in no way limits plaintiff's opportunity to present his version of the events that took place in Korea and to attack on cross-examination the testimony offered by defendant's witnesses.

## C. Scientific Reliability

There is another, independent reason for excluding Dr. Erdelyi's proposed expert testimony. In this Circuit, a novel form of scientific evidence may not be admitted unless it is " 'sufficiently established to have gained general acceptance in the particular field in which it belongs.' " *United States v. Shorter,* 809 F.2d 54, 60 (D.C.Cir.1987) (quoting *Frye v. United States,* 293 F. 1013, 1014 (D.C.Cir.1923)). Plaintiff has failed to show that the psychodynamics of memory and perception meets this test. The cases plaintiff relies on all deal with eyewitness identification, a narrowly-defined field that has arisen in order to assure the reliability of criminal convictions; they do not support his assertion that memory and perception experts have been allowed to testify in the federal courts. Aside from those cases, plaintiff relies on a single scholarly article to bolster his claim of admissibility, *see* Opposition at 2; this hardly qualifies, however, as sufficient evidence of the general acceptance of Dr. Erdelyi's field.

## III. Conclusion

For the reasons set forth above, it is hereby

ORDERED that defendant's motion in limine to exclude the expert testimony of Dr. Matthew Erdelyi be and it hereby is granted.