[No. 28362-0-II.   Division Two.   May 20, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID D. JONES, *Appellant*.

90

R.A. *Lewis* (of *Knapp, O'Dell, Lewis & MacPherson*), for appellant.

*Arthur D. Curtis, Prosecuting Attorney*, and *Richard A. Melnick, Deputy*, for respondent.

ARMSTRONG, J. — David Jones appeals his conviction of unlawfully possessing a firearm, arguing that the prosecutor improperly elicited testimony from a police officer that he did not believe Jones. We agree and, therefore, reverse and remand for a new trial.

## FACTS

Vancouver Police Officer Jeff Wilken stopped Yvonne Neikirk's car because the license tabs were expired. David Jones was in the front passenger's seat and Tiffany Dann was seated in back. While Wilken was checking for criminal histories on the three, he saw Jones making furtive movements as if he were trying to conceal something.

Wilken learned that both Jones and Neikirk were convicted felons. Because of this, Jones' furtive movements, and the early morning hour, Wilken searched Jones for weapons. After finding an illegal knife and a gun handgrip, Wilken arrested Jones and searched the car; he found a gun and holster inches under the passenger seat.

## ANALYSIS

Jones argues that the prosecutor committed misconduct when he elicited testimony that the officer did not believe him. Because Jones did not object to the testimony or ask for a curative instruction, he must show that the "misconduct was so flagrant and ill intentioned that a curative instruction could not have obviated the resulting

prejudice." *State v. Suarez-Bravo*, 72 Wn. App. 359, 367, 864 P.2d 426 (1994) (citing *State v. Belgarde*, 110 Wn.2d 504, 507, 755 P.2d 174 (1988)).

The State questioned Wilken extensively about his interview with Jones after the arrest. Wilken testified that Jones denied possessing the gun but also repeatedly asked what he could do to resolve the charge against him. Jones said that he was going to prison for a long time if he was charged with the gun; and he asked Wilken what "[Wilkin] wanted from him with this charge." Report of Proceedings (RP) at 80.

During the interview, Wilken kept insisting that Jones must have known about the gun. Wilken "addressed the issue that, you know, I just didn't believe him. There was no way that someone was sitting in that car, and everything that had transpired from my eyes." RP at 80. He also told the jury about Jones' reactions to his interview tactics.

■■ A witness may not testify about the credibility of another witness. *Suarez-Bravo*, 72 Wn. App. at 366. The State concedes the rule but argues that Wilken did not comment on Jones' credibility. Rather, according to the State, Wilken simply explained his "interrogation technique" to the jury. Resp. Br. at 9. We disagree.

The State advanced a similar argument in *State v. Demery*, 144 Wn.2d 753, 30 P.3d 1278 (2001). There, the trial court admitted a videotaped interview of the defendant in which the police accused the defendant of lying and said they did not believe his story. *Demery*, 144 Wn.2d at 756 n.2. Four justices held that the taped statements were not opinion testimony, reasoning that the videotaped statements were different from trial testimony, which bore an added " ' " " 'aura of special reliability and trustworthiness.' " ' " *Demery*, 144 Wn.2d at 763 (quoting *United States v. Espinosa*, 827 F.2d 604, 613 (9th Cir. 1987) (quoting *United States v. Young*, 745 F.2d 733, 766 (2d Cir. 1984) (quoting *United States v. Fosher*, 590 F.2d 381, 383 (1st Cir. 1979))))). Four justices held that statements on the videotape were essentially the same as live testimony by an

officer and were, thus, inadmissible opinion testimony. And one justice, the tiebreaker, found the officer's videotaped statements impermissible opinion evidence but decided that the error was harmless. Thus, a majority concluded that the evidence was inadmissible opinion about another witness's credibility.

We find no meaningful difference between allowing an officer to testify directly that he does not believe the defendant and allowing the officer to testify that he told the defendant during questioning that he did not believe him. In either case, the jury learns the police officer's opinion about the defendant's credibility. And clothing the opinion in the garb of an interviewing technique does not help. As five of the justices determined in *Demery*, an officer's accusation that a defendant is lying constitutes inadmissible opinion evidence. *Demery*, 144 Wn.2d at 765 (Alexander, C.J., concurring), 767 (Sanders, J., dissenting). Here, the jury heard that Wilken did not believe Jones' claim that the gun was not his and that he did not know it was under the seat. This was a comment on Jones' credibility.

■■ But the State contends that the error, if any, was harmless. Again we disagree. The only issue in the case was whether Jones constructively possessed the gun. And this came down to whether Jones knew the gun was under his seat. Jones said he did not; Wilken said he did not believe Jones. We conclude that an instruction would not have cured the harm. Accordingly, the misconduct requires that we reverse and remand for a new trial. *Suarez-Bravo*, 72 Wn. App. at 367.

Jones raises a number of other issues, including that the prosecutor committed other misconduct in closing argument and that counsel was ineffective for failing to object to the prosecutor's misconduct and failing to move to suppress the evidence found in the car. Jones also contends that the trial court should have granted a continuance so he could obtain new counsel. Because these issues are not likely to arise on retrial, we need not discuss them.

Reversed and remanded for a new trial.

HOUGHTON and BRIDGEWATER, JJ., concur.