2023 IL App (1st) 211152-U

FOURTH DIVISION
Order filed: September 7, 2023

:: No. 1-21-1152

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 58886797 |
| | ) | 58886798 |
| | ) | |
| SUZANNE CANZONERI, | ) | Honorable, |
| | ) | Eulalia V. De La Rosa, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Lampkin and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirmed the defendant's driving under the influence of alcohol conviction over her speedy-trial arguments where she was retried within a reasonable period of time after a mistrial was declared in her first trial

¶ 2    The defendant, Suzanne Canzoneri, appeals from the judgment of the circuit court finding her guilty of driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(1) (West 2014)) and sentencing her to 18 months' conditional discharge with fines totaling $2300. On appeal, the defendant contends that the trial court committed plain error when it failed to try her prior to the

speedy-trial "term date" and, alternatively, that she was denied the effective assistance of counsel when trial counsel failed to move for her discharge as a result of the speedy-trial violation. For the reasons that follow, we affirm.

¶ 3    On May 8, 2015, the defendant was charged by complaint with two counts of driving under the influence of alcohol and one count of failing to reduce speed to avoid an accident. The matter was continued numerous times "by agreement." On May 8, 2017, the defendant pled guilty to DUI and to failure to reduce speed to avoid an accident. On June 7, 2017, the defendant filed a motion to withdraw her guilty plea, which the circuit court granted on July 21, 2017. The matter was continued again and set for a jury trial on May 1, 2018.

¶ 4    On May 1, 2018, the defendant answered ready for trial, but the State answered not ready. The State moved to admit proof of other crimes, specifically a prior DUI conviction. Following argument, the circuit court held that the prior conviction was inadmissible because the danger of prejudice was too high.  For the first time, the defendant filed a speedy-trial demand. The matter was continued on motion of the State to May 11, 2018. On May 11, 2018, the matter was set for trial on September 24, 2018.

¶ 5    On September 24, 2018, the circuit court commenced a jury trial. During cross-examination by the defendant of an investigating police officer the following exchange occurred:

> "Q. Okay. Now, looking at Defendant's Exhibit No. 1, when you prepared this Illinois State Police Tow-In Report, isn't it true that you wrote down at 11:01:55 on 04/29/15, 24-hour DUI hold?
>
> A. Yes.
>
> Q. Okay. Wait, I'm confused here. You got there 15 minutes after the accident occurred, right?

A. Yes.

Q. You testified that while you were there, there was no indication that this was a DUI investigation, correct?

A. Correct.

Q. But 15 minutes later, prior to you going to the hospital, you create a tow report that says 24-hour DUI hold, how is that possible?

A. It was changed after she was placed under arrest for DUI. I found out that she had one prior."

Defense counsel objected and, outside the presence of the jury, moved for a mistrial. Defense counsel argued that the witness intentionally introduced evidence of a prior conviction with the intent of "sabotaging" the trial. The State argued that there was nothing intentional or malicious. Following argument the circuit court ruled as follows:

"State, it's your witness. When you prep your witnesses, you need to make clear what they can get into and what they are not allowed to get into. It's your witness, it's your responsibility, it's your burden.

Motion for a Mistrial is granted based on the violation of my ruling on the Motion to Admit Proof of Other Crimes. And today was the agreed term date. So this is it. It's 5:05. You're not getting another date. Next time prep your witnesses correctly."

¶ 6    On September 28, 2018, the State moved to reconsider the circuit court's order denying the State a retrial. The State argued that following a mistrial it was allowed to retry the defendant in a reasonable time.  On October 3, 2018, the circuit court set a briefing schedule on the State's motion and continued the matter until November 8, 2018. The State argued that the delay should be treated

as the defendant's motion, but the circuit court agreed with the defendant that it should be treated as "order of the court."

¶ 7 On November 8, 2018, the circuit court granted the State's motion to reconsider, but ruled that "they're getting one date to get this trial done. And if it's not done that day or if we run into the issue again, then I'll dismiss the case at that time with prejudice." The circuit court continued the matter to November 20, 2018, for status.

¶ 8 On November 20, 2018, the State told the court that, because December was a "short month" and judges were "out," it had explored January dates with the witnesses. The defendant continued her trial demand. The circuit court set the matter for trial on January 7, 2019.

¶ 9 On January 7, 2019, the defendant waived her right to a jury trial, and the circuit court commenced a bench trial. Following trial, the circuit court found the defendant guilty of one count of DUI (625 ILCS 5/11-501(a)(1) (West 2014)) and not guilty of the remaining counts.

¶ 10 On January 9, 2019, the defendant moved to reconsider the court's judgment and moved for a new trial. The motion did not raise a speedy-trial argument. On January 22, 2021, the circuit court denied the defendant's motion and sentenced her to 18 months' conditional discharge and fines of totaling $2300. This appeal followed.

¶ 11 On appeal, the defendant contends that the circuit court erred when it retried her in violation of the statutory and constitutional speedy trial requirements. The State responds that the defendant forfeited the issue by failing to raise it below. In reply, the defendant urges us to consider it under the plain error doctrine.

¶ 12 Under the plain error doctrine a reviewing court may consider an unpreserved error when a clear or obvious error occurred and: (1) the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the

error; or (2) the error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence. *People v. Lewis*, 2019 IL App (1st) 160705, ¶ 26 (citing *People v. Sebby¸* 2017 IL 119445, ¶ 48). The first step under either prong of the plain-error analysis is to determine whether an error occurred at all. *Id.*, ¶ 27.

¶ 13    "In Illinois, a defendant has both a constitutional and a statutory right to a speedy trial." People v. Cordell, 223 Ill. 2d 380, 385 (2006) (citing U.S. Const., amends. VI, XIV, Ill. Const. 1970, art. I, § 8, and 725 ILCS 5/103-5 *et seq.* (West 2002)). The statutory and constitutional rights, however, are not coextensive. *Id.* (citing *People v. Gooden*, 189 Ill. 2d 209, 217 (2000)).

¶ 14    Section 103-5(b) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/103-5(b) (West 2018)) provides:

> "Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant, by an examination for fitness ordered pursuant to Section 104-13 of this Act, by a fitness hearing, by an adjudication of unfitness to stand trial, by a continuance allowed pursuant to Section 114-4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an interlocutory appeal. The defendant's failure to appear for any court date set by the court operates to waive the defendant's demand for trial made under this subsection."

Generally, this statute operates to avoid constitutional speedy-trial issues from arising. *People v. Crane*, 195 Ill. 2d 42, 48 (2001).

¶ 15     Following a mistrial, a defendant must be retried within a "reasonable" period of time. *People v. Bradshaw*, 2020 IL App (3d) 180027, ¶ 28 (citing *People v. Bazzell*, 68 Ill. 2d 177, 182

(1977)); see also *People v. Dixon*, 87 Ill. App. 3d 814, 816-17 (1980) (holding that a defendant must be retried in a reasonable time where a witness called by the State referred to excluded matters). In such circumstances, courts are concerned with the constitutional right to a speedy trial rather than the statutory timeline. *Bradshaw*, 2022 IL App (3d) 180027, ¶ 27. When a constitutional speedy-trial issue arises, the record in its entirety must be examined to determine whether a defendant's rights have been violated. *Crane*, 195 Ill. 2d at 48. Four factors have been identified to guide courts in making this determination: (1) the length of the delay; (2) the reasons for the delay; (3) the prejudice, if any, to the defendant; and (4) the defendant's assertion of his or her right to a speedy trial. *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). A constitutional speedy-trial violation will not be conditioned on the presence or absence of any single factor. *Id.* at 60.

¶ 16    Where the circuit court has made factual findings we review them against the manifest-weight-of-the-evidence standard. *Crane*, 195 Ill. 2d at 51. However, when the circuit court applies the *Barker* factors to weigh the interests of the State against the interests of the defendant in light of the circumstances of the case, there is no need to defer to the circuit court, and we review the decision *de novo*. *Id.* at 51-52.

¶ 17    Here, the parties do not dispute that the defendant's jury trial was commenced within the 160-day period required by section 103-5(b) of the Code. The defendant was not in custody, and she did not demand trial until May 1, 2018. Accordingly, when the jury trial commenced on September 24, 2018, only 146 days of the statutory term had elapsed.

¶ 18    Following the circuit court's September 24, 2018, order declaring a mistrial, the defendant's retrial trial began on January 7, 2019, 105 days following the mistrial. The question before us is whether that delay was reasonable. See *Bradshaw*, 2020 IL App (3d) 180027, ¶ 28.

Although no single factor is sufficient to conclude that a speedy-trial violation has occurred, the length of delay is, to an extent, a triggering mechanism, and delays of less than a year do not generally trigger a speedy-trial inquiry. *Id.* Even considering the delays together, less than a year elapsed between the defendant's initial demand for trial on May 1, 2018, and her retrial on January 7, 2019. Therefore, the delay was presumptively reasonable.

¶ 19    Even if we did consider the delay sufficient enough to trigger further speedy-trial inquiry, we find that the remaining *Barker* factors do not favor a finding that the delay was unreasonable. According to the State, the delay in commencing the defendant's retrial was attributable, in part, to the difficulty of scheduling witnesses during the December holiday season. We conclude that a short delay to accommodate witness scheduling is not inherently unreasonable. See *People v. Garcia*, 251 Ill. App. 3d 473, 482 (1993) (holding that the trial court did not abuse its discretion when it allowed an extension of less than 60 days to the statutory speedy-trial term to secure the presence of a material witness.). The defendant has not argued that she was prejudiced by the delay, and the record does not reflect any prejudice not inherent in constitutional speedy trial considerations. See *People v. Kaczmerek*¸ 207 Ill. 2d 288, 300 (2003) (holding that anxiety and concern over pending charges are present to some extent in every case and "this inconvenience alone is of slight import.") Finally, although we recognize that, after May 1, 2018, the defendant was consistent in the assertion of her right to a speedy trial, considering all four *Barker* factors together, we cannot conclude that the delay was unreasonable or violated the defendant's constitutional speedy-trial rights.

¶ 20    The defendant appears to argue that, because the mistrial was "caused" by the State, the State was required to retry her within the statutory term of 160 days from May 1, 2018, the date that she demanded trial.  She contends that "the speedy trial period begins running and is calculated

for refiled charges from the time when the charges were first filed." However, unlike the cases cited by the defendant, this case does not involve a situation in which charges were dismissed and later refiled; rather, it involves a situation in which the defendant's first trial ended in a mistrial and she was later retried.

¶ 21    The defendant attempts to distinguish the holding in *People v. Dixon*, which found that, following a mistrial, the defendant must be retried within a reasonable period of time. *Dixon,* 87 Ill. App. 3d at 817. The defendant contends that "[h]ere, unlike *Dixon* where the defendant was tried well within the term and various delays were found to be occasioned by the defendant, the Defendant in the present case was not tried within the statutory term." Contrary to the defendant's contention, however, a reading of *Dixon* reveals that the defendant in that case was actually retried 137 days after the beginning of the statutory 120-day term applicable to an individual in custody. The court in *Dixon* found that the State's speedy trial obligation to the defendant was met when it originally brought the defendant to trial within the 120-day term, leaving the issue of whether the defendant's constitutional right to a speedy trial had been violated, rather than whether after the mistrial the retrial was commenced within a statutory period. *Dixon,* 87 Ill. App. 3d at 817. Just as in *Dixon,* the State met its statutory speedy trial obligation in this case when it originally brought the defendant to trial within the 160-day term as provided in section 103-5(b) of the Code, and just as in *Dixon,* the defendant's retrial took place after the expiration of the statutory period. The instant case is factually indistinguishable from the circumstances present in *Dixon.* We conclude, therefore, that, just as in *Dixon,* the issue before this court is whether the defendant's constitutional right to a speedy trial was violated, not whether after the mistrial the defendant's retrial was commenced within the 160-day period provided in section 103-5(b) of the Code.

¶ 22    Having determined that, considering all four *Barker* factors together, we cannot conclude that the delay in conducting the defendant's retrial was unreasonable or violated her constitutional speedy-trial rights, it follows that the circuit court did not err by retrying the defendant 105 days after declaring a mistrial. Because there was no error, there can be no plain error. See *Lewis*, 2019 IL App (1st) 160705, ¶ 36.

¶ 23    Alternatively, the defendant argues that she was denied the effective assistance of counsel when her attorney failed to demand her discharge as a result of the alleged speedy-trial violation. To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that her counsel's performance was deficient and that she was prejudiced by that deficiency. See *People v. Jones*, 2018 IL App (1st) 151307, ¶ 18. However, the failure to assert a speedy-trial violation cannot satisfy either prong of the analysis where there is no basis for arguing a speedy-trial violation. *Id.* ¶ 19. As there was no speedy trial violation in this case, there was no violation of the defendant's right to the effective assistance of counsel based on the failure to assert a speedy-trial violation. See *Id.*

¶ 24    For the reasons stated, we conclude that the defendant was not retried in violation of section 103-5(b) of the Code or the speedy-trial provisions of the federal and state constitutions, and there was no violation of the defendant's right to the effective assistance of counsel. Accordingly, we affirm the defendant's conviction and sentence.

¶ 25    Affirmed.